MARY'S OPINION HEADING 









                                                NO.
12-05-00245-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

TROY HUCKABY AS NEXT           §                      APPEAL
FROM THE 

FRIEND
OF JACOB HUCKABY,

APPELLANT

V.        §                      COUNTY
COURT AT LAW

 

MANDY
NICOLE BRAGG,

APPELLEE   §                      HENDERSON
COUNTY, TEXAS

                                                                                  
                                                                         

MEMORANDUM
OPINION

            The trial court granted summary judgment for the
defendant, Mandy Nicole Bragg, after the plaintiff, Troy Huckaby as next friend
for Jacob Huckaby, failed to file a written response to Ms. Bragg’s summary
judgment motion.  On appeal, Huckaby,
appearing pro se, presents three issues contending the trial court erred in
granting summary judgment, in overruling his motion for new trial, and in
overruling his motion for the appointment of a guardian ad litem for Jacob
Huckaby.  We modify the judgment and
affirm as modified.

 

Background








            Plaintiff, Troy Huckaby, as next friend for his grandson,
Jacob Huckaby, filed suit seeking damages for personal injuries alleged to have
been sustained by Natalie Huckaby and Jacob Huckaby in an automobile collision
that occurred on July 25, 2000.  On
August 8, 2002, citation was issued, and the trial court signed an order
authorizing anyone over the age of eighteen not a party to the suit to serve
the citation.  The record reflects no
further activity until February 7, 2003, when Huckaby requested reissuance of
the citation and service by certified mail. 
Defendant, Mandy Nicole Bragg, was served by certified mail on September
26, 2003, fourteen months after suit was filed.

            Ms. Bragg filed a general denial and a plea of the two
year statute of limitations against Natalie Huckaby’s claim, contending that
Huckaby had failed to exercise due diligence in perfecting service on her.

            The claims of Natalie Huckaby, individually, arising from
the collision were resolved, and she was dismissed as a party plaintiff prior
to any summary judgment proceedings.

            Although Huckaby did not assert any claims or seek any
relief in his individual capacity, Ms. Bragg’s traditional motion for summary
judgment addressed any potential claims of Troy Huckaby for damage to the
Huckaby vehicle and for medical expense incurred on behalf of his
grandson.  In the same document, Ms.
Bragg also sought a no evidence summary judgment on the claims of personal
injury to Jacob Huckaby, a minor, contending that there was no evidence that
Jacob Huckaby suffered any physical injury as a result of the accident.

             On April 7, 2005,
the trial court set the hearing on Ms. Bragg’s motion for summary judgment on
May 2, 2005.  Huckaby failed to file any
response to the motion for summary judgment, although he appeared personally
and attempted to testify orally in opposition to the motion.  The trial court granted Ms. Bragg’s motion
for summary judgment.

            On May 31, 2005, Huckaby filed a motion for new trial
wherein he stated that he had not filed a written response to Ms. Bragg’s
summary judgment motion because he believed he would be allowed to respond
orally at the hearing.  The trial court
set the motion for new trial for a hearing on June 27, 2005.  Before the hearing on his motion for new
trial, Huckaby filed a response to Ms. Bragg’s motion for summary judgment
granted almost two months before.  The
response was a reiteration of the allegations in his petition with attached
evidentiary exhibits.  Only one of the
exhibits was proper summary judgment evidence. 
Huckaby also filed a motion for the appointment of a guardian ad litem
for Jacob Huckaby averring that he did not understand the law sufficiently to
provide adequate representation for the minor child.

            On June 28, 2005, the trial court denied Huckaby’s motion
for new trial.  This appeal followed.

 

 

Traditional Motion for Summary Judgment

            In his first issue, Huckaby contends that “the trial
court erred in granting an alleged final summary judgment by default when
various issues of genuine material facts raised by Appellant’s original
petition were not addressed or disposed of by Appellee’s summary judgment
motion or by the trial court’s summary judgment ruling.” 

Applicable Law

            When a defendant moves for summary judgment on its
affirmative defense, it must prove each element of its defense as a matter of
law, leaving no issue of material fact.  Johnson
& Johnson Medical v. Sanchez, 924 S.W.2d 925, 927 (Tex. 1996).  When, as in this case, a defendant moves for
summary judgment on a statute of limitations defense, the defendant must (1)
prove conclusively when the cause of action accrued and (2) if the plaintiff
pleaded a tolling provision, negate its application as a matter of law.  See Rhone-Poulenc, Inc. v. Steel,
997 S.W.2d 217, 223 (Tex. 1999).  When
the movant asserting an affirmative defense has established the right to a
summary judgment, the nonmovant’s response must expressly present to the trial
court any reasons negating the movant’s right to summary judgment.  McConnell v. Southside Indep. Sch.
Dist., 858 S.W.2d 337, 343 (Tex. 1993). 
In the absence of a response raising such reasons, these matters may not
be raised for the first time on appeal. 
David Hitner, Lynne Liberato, Summary Judgments in Texas, 54 Baylor L. Rev. 1 (2002) (citing,
e.g., State Bd. of Ins. v. Westland Film Indus., 705 S.W.2d
695, 696 (Tex. 1986) (per curiam)).  

            In a traditional summary judgment, the burden does not
shift, and the trial court may not grant a summary judgment by default for lack
of a response by the nonmovant when the movant’s summary judgment proof is insufficient.  Cotton v. Ratholes, Inc., 699
S.W.2d 203, 205 (Tex. 1985)(per curiam). 
“With exception of an attack on the legal sufficiency of the grounds
expressly raised by the movant in his motion for summary judgment, the
non-movant must expressly present to the trial court any reasons seeking to avoid
movant’s entitlement [to summary judgment]. . . .”  City of Houston v. Clear Creek Basin
Auth., 589 S.W.2d 671, 678 (Tex. 1979) .  The response must be in writing.  Tex.
R. Civ. P. 166a(c); see also Clear Creek Basin Auth.,
589 S.W.2d at 677.  Pleadings are not
summary proof.  Id. at
678.  The hearing for summary judgment is
for argument only; no oral testimony may be presented.  Tex.
R. Civ. P. 166a(c).

Discussion

            Ms. Bragg, in her traditional summary judgment motion,
moved for summary judgment as to the individual claims of Troy Huckaby, and the
trial court granted summary judgment in her favor “as to the individual claims
of Troy Huckaby.”  However, the summary
judgment record shows that Troy Huckaby sued only in his representative
capacity as next friend of Jacob Huckaby, a minor.  Nothing in the record indicates that he is a
party to this lawsuit in his individual capacity.

            We cannot find any authority for granting a judgment in
favor of or against a person or entity not named in the suit as a plaintiff or
a defendant.  We conclude that the trial
court had no authority to enter judgment against Troy Huckaby in his individual
capacity.  Mapco, Inc. v. Carter,
817 S.W.2d 686, 687 (Tex. 1991); see also Fuqua v. Taylor, 683
S.W.2d 735, 738 (Tex. App.–Dallas 1984, writ ref’d n.r.e.)(“Judgment may not be
granted in favor of a party not named in the suit as a plaintiff or a
defendant.”).  Huckaby’s first issue, as
it relates to Ms. Bragg’s traditional motion for summary judgment, is
sustained.  Accordingly, the trial court’s
judgment will be modified to delete from the judgment the language granting
Mandy Nicole Bragg summary judgment “as to the individual claims of Troy
Huckaby.”

 

No Evidence Summary Judgment

            Huckaby’s first issue is sufficiently broad to challenge
the portion of the trial court’s judgment granting Ms. Bragg’s motion for no
evidence summary judgment.

Applicable Law

            After adequate time for discovery, a party may move for
summary judgment on the ground that there is no evidence of one or more
essential elements of a claim or defense on which an adverse party would have
the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  The motion must specify which essential
elements of the opponent’s claim or defense lack supporting evidence.  Id. 
The respondent must then present summary judgment evidence raising a
genuine issue of material fact.  Id.
 If the respondent fails to
produce summary judgment evidence raising a genuine issue of material fact, the
court must grant the motion.  Id.  Therefore, it is virtually mandatory that the
nonmovant file a written response. 
Hitner & Liberato, supra at 69. 
The nonmovant must present evidence that meets the technical
requirements for summary judgment proof. 
Id. at 71.  “Non-summary
judgment evidence, such as unsworn witness statements, expert’s reports or
unauthenticated documents (except those produced by the opposing party), is not
proper summary judgment evidence and cannot defeat a no-evidence summary
judgment motion.”  Id. 

Discussion      

            Depositions on file show the minor child, Jacob Huckaby,
was taken to a doctor some days after the accident because of jerking movements
of the child’s arm.  The record shows no
causal connection between the jerking movements and the accident in which the
child suffered no apparent objective injury.

            Ms. Bragg filed her motion for summary judgment seventeen
months after her original appearance and unquestionably after an adequate time
for discovery.  The motion alleged that
there was no evidence to support an essential element of Huckaby’s claim that
Jacob Huckaby suffered injury as a result of the accident.

            Upon the filing of Ms. Bragg’s motion, it was incumbent
upon Huckaby to present more than a scintilla of evidence creating a fact
question on the issue of whether Jacob Huckaby had sustained personal injury in
the accident.  Because Huckaby offered no
evidence on the issue, Rule 166a(i) required the trial court to grant Ms. Bragg’s
motion.  Huckaby’s first issue, as it
relates to the no evidence summary judgment motion, is overruled.

 

Denial of Motion for New Trial

            In his second issue, Appellant contends the trial court
erred in denying his motion for new trial.

Standard of Review

            The trial court’s ruling on a motion for new trial will
not be disturbed in the absence of a showing of an abuse of discretion.  Strackbein v. Prewitt, 671
S.W.2d 37, 38 (Tex. 1984).  A trial court
abuses its discretion when it acts without reference to any guiding rules or
principles.  Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985).

Applicable Law

            A motion for new trial is not a prerequisite for the
appeal of a summary judgment.  Lee
v. Braeburn Valley W. Civic Ass’n, 786 S.W.2d 262, 263 (Tex.
1990).  

            A new trial may be granted “for good cause, on motion or
on the court’s own motion.”  Tex. R. Civ. P. 320.  The trial court can grant a motion for new
trial without stating any reason other than “in the interest of justice.”  Champion Int’l Corp. v. Twelfth Court
of Appeals, 762 S.W.2d 898, 899 (Tex. 1988).  A motion for new trial must be verified and
include affidavits if the motion is based on grounds requiring the trial court
to hear evidence such as jury misconduct, newly discovered evidence, or failure
to set aside a judgment by default.  Zuniga
v. Zuniga, 13 S.W.3d 798, 803 n.4 (Tex. App.–San Antonio 1999, no
pet.), overruled on other grounds, In re Z.L.T., 124 S.W.3d 163
(Tex. 2003).  Therefore, one seeking to
set aside a judgment by default must attach affidavits to support the factual
allegations in the motion for new trial. 
Michael O’Connor, Byron P. Davis,
O’Connor’s Texas Rules-Civil Trials, PostJudgment Motions, § 3.1
at 642 (2005).

            Huckaby contends that our decision in this case is
governed by the rules relating to the setting aside of default judgments set
forth in Craddock v. Sunshine Bus Lines, 134 Tex. 388, 133 S.W.2d
124 (1939), later extended to postanswer default judgments in Ivy v.
Carrell, 407 S.W.2d 212, 213 (Tex. 1966). Some courts of appeals have
held that a variant of the Craddock test applies in determining
whether the trial court should set aside a “default” in a summary judgment
situation.  In Huffine v. Tomball
Hosp. Auth., 979 S.W.2d 795 (Tex. App.–Houston [14th Dist.] 1998, no
pet.), the court restated a variant of the Craddock requirements
holding that “[w]here the failure to respond to a motion for summary judgment
was (1) not intentional or the result of conscious indifference, but the result
of an accident or mistake, a new trial should be granted, provided that (2) the
non-movant’s motion for new trial alleges facts and contains proof sufficient
to raise a material question of fact, and (3) demonstrates that the
granting thereof will occasion no delay or otherwise work an injury to the
plaintiff.”  Id. at 798-99
(emphasis added).

            The Texas Supreme Court, however, later disapproved the
decisions holding the Craddock requirements apply when the
nonmovant “is aware of its mistake at or before the summary-judgment hearing
and thus has an opportunity to apply for relief under our rules.”  Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 686 (Tex. 2002).  The
supreme court held that

 

Craddock
does not apply to a
motion for new trial filed after summary judgment has been granted on a summary
judgment-motion to which the nonmovant failed to timely respond when the
respondent had notice of the hearing and an opportunity to employ the means our
civil procedure rules make available to alter the deadlines Rule 166a
imposes.  

 

 

Id. at 684.


Discussion

            Because the summary judgment will be modified to strike
the language granting summary judgment against Troy Huckaby, individually, we
shall address the motion for new trial only as it relates to the no evidence
summary judgment granted against Troy Huckaby, as next friend of Jacob Huckaby.

            Huckaby did not file a written response supported by
proper summary judgment evidence raising a fact question on the issue of
whether Jacob Huckaby had sustained any injury referable to the accident.  He did, however, appear at trial ready to
testify orally regarding Jacob Huckaby’s injuries.  As Rule 166a(c) requires, the trial court
refused to hear oral testimony.  Huckaby
maintains that the trial court erred in overruling his motion for new trial,
because he has satisfied the three requirements of the Craddock test
as they have been applied in “no response” summary judgment cases.  The supreme court’s opinion in Carpenter
forecloses this avenue of relief, because Huckaby received timely notice of the
summary judgment hearing. Since Huckaby received timely notice of the summary
judgment hearing on May 2, 2005, he had the option and the opportunity to
request the court to allow a late response to Ms. Bragg’s motion, or in the
alternative, to request a continuance of the hearing so that a timely response
might be filed.  Since Huckaby had notice
of the hearing and did not employ any procedural means to alter the deadlines
imposed by Rule 166a, he is barred from seeking the relief afforded by Craddock
in no answer and postanswer default situations.  See Carpenter, 98 S.W.3d at
686.  

             But even if
Huckaby’s mistake of law in assuming he could answer orally was a sufficient
excuse under the first of Craddock’s three requirements, he
completely failed to offer evidence with his motion for new trial satisfying
the other two requirements of Craddock.  Huckaby’s motion for new trial contains no
proof amounting to more than a scintilla sufficient to show that Jacob Huckaby
sustained injuries caused by the collision, and it fails to demonstrate that
granting the motion for new trial will not cause delay and work an injury to
Ms. Bragg.

            Huckaby also argues that because he is not a lawyer, the
trial court should have overlooked or excused his failure to file a written
response with proper summary judgment evidence as well as his failure to invoke
the appropriate rules whereby he might have obtained permission to file a late
response or a continuance.  Despite his
filing pro se, Huckaby is held to the same standard of diligence applicable to
a licensed attorney.  See Weaver v.
E-Z Mart Stores, 942 S.W.2d 167, 169 (Tex. App.–Texarkana 1997, no
writ).  Pro se litigants are not exempt
from the rules of procedure.  See Mansfield
State Bank v. Cohn, 573 S.W.2d 181, 184 (Tex. 1978).  

            The trial court did not abuse its discretion in
overruling Huckaby’s motion for new trial. 
Huckaby’s second issue is overruled.

 

Trial Court’s Failure to Appoint Guardian Ad Litem

            In his third issue, Huckaby complains that the trial
court erred by not appointing a guardian ad litem for Jacob Huckaby, the minor
child.  Huckaby’s motion for the
appointment of a guardian ad litem was untimely, because it was not filed for
over a month after the trial court rendered summary judgment.  Huckaby’s motion asked for the appointment of
a guardian ad litem because Huckaby was not sufficiently familiar with the law
to protect the interests of Jacob Huckaby. 
Texas Rule of Civil Procedure 173 requires the trial court to appoint an
ad litem only if (1) the next friend or guardian appears to the court to have
interest adverse to the minor, or (2) the parties agree.  Huckaby does not allege an interest adverse to
Jacob Huckaby, and the record fails to show that one existed.  Nor did the parties agree to the appointment
of a guardian ad litem.  The trial court
did not err in failing to appoint a guardian ad litem.  Huckaby’s third issue is overruled.

 

Disposition

            The order of the trial court granting summary judgment is
modified to delete that part of the order granting Mandy Nicole Bragg summary
judgment “as to the individual claims of Troy Huckaby.” The order, as modified,
is affirmed.

                                                                                                    BILL BASS 
  

                                                                                                            Justice

Opinion
delivered June 30, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

(PUBLISH)