Opinion issued August 11, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00076-CV

———————————

Southeast Texas Environmental, L.L.C., Appellant

V.

Wells Fargo
Bank, N.A. f/k/a First Community Bank, N.A., Appellee



 



 

On Appeal from the 239th District Court

Brazoria County, Texas



Trial Court Case No. 22186

 



 

MEMORANDUM OPINION

          Southeast
Texas Environmental, L.L.C. appeals from an order granting summary judgment in
favor of Wells Fargo Bank, N.A. f/k/a First Community Bank, N.A.  Southeast Texas Environmental argues that the
trial court erred in granting Wells Fargo’s no-evidence motion for summary
judgment and in denying its motion for new trial and for leave to file a
supplemental response.  Because Southeast
Texas Environmental failed to produce evidence necessary to raise a question of
material fact as to damages, we affirm.

Background

          In
November 2002, Southeast Texas Environmental sued First Community Bank, which
was later acquired by Wells Fargo, for breach of contract and conversion.  Southeast Texas Environmental alleged that the
bank had wrongfully taken business records and other property it owned during the
execution of a writ of sequestration against Hub City Environmental.  Southeast Texas Environmental claimed that it
suffered economic loss because of its loss of the property held by the bank.

          Wells
Fargo filed a no-evidence motion for summary judgment, alleging that Southeast
Texas Environmental could not produce evidence to support the element of
damages.  In response, Southeast Texas
Environmental argued that the deposition testimony of three witnesses was
sufficient to raise a question of material fact as to the issue of damages.  It also argued that the evidence established
that it would be entitled to a jury instruction on spoliation of evidence.  Southeast Texas Environmental did not,
however, file any of the evidence it discussed in its pleading with the trial
court.

The trial court granted summary
judgment in favor of Wells Fargo.  Southeast
Texas Environmental filed a combined motion for rehearing, new trial, and leave
to file a supplemental response.  It
argued that the trial court erred in granting Wells Fargo’s motion for summary
judgment because “as a result of a clerical error or mistake in the calendaring
[of the motion],” the court “[g]ranted the [m]otion without the evidence of
damages properly before it.”  Southeast
Texas Environmental stated that the evidence attached to its supplemental
response raised a question of material fact as to damages and that the court
should consider the evidence, grant its motion, vacate the judgment in favor of
Wells Fargo, and deny Wells Fargo’s no-evidence motion.  The trial court denied this motion.  Southeast Texas Environmental appealed,
arguing that the trial court erred in granting Wells Fargo’s no-evidence motion
for summary judgment and in denying its combined motion for new trial, rehearing, and leave to file a supplemental response
to the motion for summary judgment.  

Analysis 

I.                 
Summary judgment

We review a trial court’s decision to grant a motion for summary judgment de novo.  Valence
Operating Co. v. Dorsett,
164 S.W.3d 656, 661 (Tex. 2005).  A no-evidence motion for summary
judgment is essentially a
directed verdict granted before trial, to which we apply a legal-sufficiency standard of review.  King Ranch, Inc.
v. Chapman, 118 S.W.3d 742,
750–51 (Tex. 2003).  A party seeking a no-evidence summary judgment must assert that no evidence exists as to one or more of the essential elements of the
nonmovant’s claim on which the nonmovant would have the burden of proof at
trial.  Tex.
R. Civ. P. 166a(i).  Once the movant
specifies the elements on which there is no evidence, the
burden shifts to the nonmovant to raise a fact issue on the challenged
elements.  Id.  Summary judgment
must be granted unless the nonmovant
produces competent summary judgment evidence raising a genuine
issue of material fact on the challenged elements.  Id.;
Hamilton v. Wilson, 249
S.W.3d 425, 426 (Tex. 2008).  While a
non-moving party is “not required to marshal its proof,” its response must
point to evidence that raises a fact issue on the challenged elements.  Tex.
R. Civ. P. 166a & cmt.; Aleman v. Ben E. Keith Co., 227 S.W.3d 304, 309 (Tex. App.—Houston
[1st Dist.] 2007, no pet.).  A no-evidence summary judgment will be sustained on appeal
when (1) there is a complete absence of evidence of a vital fact,
(2) the court is barred by rules of law or of evidence from giving weight
to the only evidence offered by the nonmovant to prove a vital fact,
(3) the nonmovant offers no more than a scintilla of evidence to prove a
vital fact, or (4) the nonmovant’s evidence conclusively establishes the
opposite of a vital fact.  King Ranch, 118 S.W.3d at 751.

Southeast Texas Environmental argues that the trial court erred in granting Wells Fargo’s motion for
summary judgment because there was sufficient evidence of damages to raise a
question of fact.  In its response, Southeast
Texas Environmental argued that there was evidence
that would entitle it to an instruction on spoliation of evidence and that the
deposition testimony of the witnesses was sufficient to raise a question of
material fact as to the element of damages. 
It stated that the depositions and pleadings were incorporated in its
response, but it did not actually attach any evidence to its response.  The cited deposition transcripts had not
previously been filed with the county clerk. 
The procedural rule for using unfiled discovery products as
summary-judgment evidence, Rule 166a(d), provides: 

Discovery
products not on file with the clerk may be used as summary judgment evidence if
copies of the material, appendices containing the evidence, or a notice
containing specific references to the discovery . . . are
filed and served on all parties together with a statement of intent to use the
specified discovery as summary judgment proofs . . . at
least seven days before the hearing is such proofs are to be used to oppose the
summary judgment.  

 

Tex. R. Civ. P. 166a(d).  Southeast
Texas Environmental did not comply with this
procedure.  In response to a no-evidence
motion for summary judgment, the nonmovant must produce some evidence raising a
fact issue on the challenged elements.  Tex. R. Civ. P. 166a(i)   The trial court must grant the motion if the
nonmovant fails to produce the required evidence, Hamilton, 249 S.W.3d at 426, and a response
asserting that the evidence on file “effectively illustrate[s] the presence of
[a] contested material fact” does not present a fact issue that would preclude
summary judgment.  I.P. Farms v. Exxon Pipeline Co., 646 S.W.2d 544, 545 (Tex.
App.—Houston [1st Dist.] 1982, no writ). 
There was no evidence of damages before the court, and the trial court
was therefore required to grant Wells Fargo’s no-evidence motion.  Tex.
R. Civ. P. 166a(i); Hamilton, 249 S.W.3d at 426. 
Accordingly, we overrule Southeast Texas Environmental’s first issue.

II.              
Motion for new trial

In its
second issue, Southeast Texas Environmental contends
that the trial court erred in denying its combined motion for new trial,
rehearing, and leave to file a supplemental response to Wells Fargo’s motion
for summary judgment.  The denial of a
motion for new trial is reviewed for an abuse of discretion.  Champion Int’l Corp.
v. Twelfth Court of Appeals,
762 S.W.2d 898, 899 (Tex. 1988) (orig. proceeding).
 Likewise, we review the trial court’s
decision on a motion for rehearing and a motion for leave to file a
supplemental or late response for an abuse of discretion.  See
Macy v. Waste Mgmt., Inc., 294 S.W.3d 638, 651 (Tex. App.—Houston [1st
Dist.] 2009, pet. denied) (motion to reconsider summary judgment); Carpenter v. Cimarron Hydrocarbons Corp.,
98 S.W.3d 682, 686 (Tex. 2002) (motion for leave to file late response).  A trial court abuses its discretion when it
acts in an arbitrary or unreasonable manner, or if it acts without reference to
any guiding rules or principles.  Downer
v. Aquamarine Operators, Inc.,
701 S.W.2d 238, 241–42 (Tex. 1985).  Under an abuse of discretion standard,
we view the evidence in the light most favorable to the trial court’s actions.  Holley v. Holley, 864 S.W.2d 703, 706 (Tex. App.—Houston [1st Dist.] 1993, writ
denied).  We may not substitute our
judgment for that of the trial court unless its decision was so arbitrary that
it exceeded the bounds of reasonableness.  Clarendon Nat’l Ins. Co. v. Thompson, 199 S.W.3d 482, 494 (Tex. App.—Houston
[1st Dist.] 2006, no pet.).  When a trial
court denies a motion for rehearing, or reconsideration, it does not abuse its
discretion if the party seeking rehearing “cites no additional evidence ‘beyond
that available to him’ when the first summary judgment was granted.”  Macy,
294 S.W.3d at 651.  A motion for leave to
file a late summary judgment response should be granted when the nonmovant establishes good cause by showing that “(1) the
failure to respond was not intentional or the result of conscious indifference,
but the result of accident or mistake, and (2) allowing the late response
will occasion no undue delay or otherwise injure the party seeking summary
judgment.”  Carpenter, 98 S.W.3d at 688.

The
record demonstrates that Wells Fargo filed its motion for summary judgment on
October 9, 2009.  Southeast
Texas Environmental filed its response on
October 26, 2009, and the trial court granted Wells Fargo’s motion on October 28.  Approximately twenty days later, Southeast
Texas Environmental filed a combined motion
for rehearing, new trial, and leave to file a supplemental response.  Southeast Texas Environmental’s motion included several affidavits, a deposition transcript, as
well as other evidence not attached to its initial response.  The trial court denied the motion.  

Southeast Texas Environmental argues that the evidence attached to the supplemental response
was sufficient to raise a question of material fact as to damages and that the
trial court abused its discretion by denying its motion and refusing to
consider the evidence.  It does not
contend (and the record does not reflect) that the attached evidence was
unavailable to it before the trial court rendered judgment.  See Kelly,
294 S.W.3d at 416.  Southeast
Texas Environmental’s explanation for its
failure to attach evidence to its original response is that a calendaring error
occurred and that the mistake was not the result of conscious indifference, but
it did not offer specific facts in support of this general assertion.  See
Carpenter, 98 S.W.3d at 688.  It also
failed to demonstrate that granting the motion would not cause undue delay or
injury to Wells Fargo.  See id. (concluding that trial court did
not abuse its discretion in denying leave to file late response based upon
counsel’s assertion that he “miscalendared” summary-judgment hearing).  Because Southeast Texas Environmental did not offer facts to support its assertion of a mistake, and
because this evidence was available to it at the time it filed its response to
Wells Fargo’s no-evidence motion for summary judgment, it has failed to demonstrate good cause for its failure to timely
file an adequate summary-judgment response. 
See id.;
see also Macy, 294 S.W.3d at 651.  Accordingly, we
conclude that the trial court did not abuse its discretion in denying
the motion.  Southeast
Texas Environmental’s second issue is
overruled.

Conclusion

          Because
of our resolution of Southeast Texas Environmental’s appellate points, we need not address the cross-points raised
by Wells Fargo.  We affirm the judgment
of the trial court.

 

 

                                                                   Michael Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.