# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-11-00235-CV

---

**Michelle Sand, Appellant**

**v.**

**Frank Brooks, Appellee**

---

### FROM THE DISTRICT COURT OF LLANO COUNTY, 424TH JUDICIAL DISTRICT
### NO. 16,783, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Michelle Sand appeals from the district court's grant of summary judgment in a probate case. Based on our holding that the district court's error in excluding her summary-judgment response was harmless, we will affirm the district court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Elroy Brooks McCoy (Elroy) died on March 19, 2000, in Kingsland, Llano County, Texas. Sand, Elroy's daughter, took possession and control of all of Elroy's personal papers, records, documents, and household belongings. More than nine years after Elroy's death, in August 2009, Sand filed an "Application for Probate of Will as Muniment of Title" in the Llano County Court, seeking to probate Elroy's June 20, 1979 written will as a muniment of title. In her application, Sand acknowledged that she had failed to present the will for probate within four years of Elroy's death as required by Texas law, *see* Tex. Prob. Code Ann. § 89B(a)(1)

(West 2003) (requiring probate application be filed within four years of decedent's death), but explained that she had not been aware of the 1979 will's existence until 2008. In a later-filed affidavit, Sand reasserted that she had not filed an application until 2009 because she had been unaware of Elroy's 1979 will until 2008.

Appellee Frank Brooks, Elroy's son, objected to Sand's application and sought discovery from Sand, which Sand resisted. In a December 3, 2009 order stemming from the discovery dispute, the county court ordered Sand to produce certain documents and transferred Sand's application to the Llano district court.

After the transfer, Sand filed a "First Amended Application for Probate of Will as Muniment of Title" with the district court, again seeking to probate Elroy's 1979 will. Sand explained that she had not filed the will within four years of Elroy's death because "she had heard rumors of the existence of a [w]ill, [but] she had never seen it and she did not know where it was or who had prepared [it]" until October 2008 when she found it "in papers [that] were sent to her from Texas by her niece." In response, Brooks moved for summary judgment, primarily on the ground that probating the 1979 will as a muniment of title was barred by the probate code because Sand had filed her application more than four years after Elroy's death, but also on the grounds that Sand had failed to act diligently in seeking to have the 1979 will probated as a muniment of title and that probate of the 1979 will had been abandoned. In support of his motion, Brooks attached, among other exhibits, file-marked copies of Sand's probate applications, a copy of Elroy's death certificate, and Sand's 2009 affidavit in which she explained why she had not sought to probate the will within the four years after Elroy's death.

2

Brooks set his summary-judgment motion for hearing on January 27, 2011. Sand filed a response to Brooks's motion on January 20, 2011, and a supplemental response on January 27. In her supporting affidavit, filed with her January 20 response, Sand acknowledged that she knew of Elroy's 1979 will, but denied having ever received a copy of the will until 2008 when her niece sent her a box of Elroy's documents. Brooks objected to Sand's response and supplemental response on the ground that both had been filed after rule 166a(c)'s seven-day response deadline, which he asserted was January 19, 2011. *See* Tex. R. Civ. P. 166a(c). After hearing argument of counsel, and considering the parties pleadings and evidence, the district court agreed with Brooks's assertion that Sand's responses were untimely and rendered summary judgment for Brooks "on the basis that there [was] 'no controverting evidence' timely filed by [Sand]." It is from this order that Sand now appeals.

**ANALYSIS**

In two issues, Sand challenges the district court's finding that her original and supplemental responses to Brooks's motion for summary judgment were untimely under rule 166a and its subsequent failure to consider those responses when determining the merits of Brooks's summary-judgment motion.

We review a district court's decision to admit or exclude evidence for an abuse of discretion. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005); *Aston Meadows, Ltd. v. Devon Energy Prod. Co., L.P.*, 359 S.W.3d 856, 864 (Tex. App.—Fort Worth 2012, pet. denied) (applying same standard to summary-judgment evidence); *see also Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 685 (Tex. 2002) (noting that court's decision on whether to admit late-filed

3

summary-judgment response, like most other trial court rulings, is subject to review for an abuse of discretion). A trial court abuses its discretion by failing to follow guiding rules and principles. *Columbia Rio Grande Healthcare, L.P. v. Hawley*, 284 S.W.3d 851, 856 (Tex. 2009) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998)).

Sand argues that the trial court erred in finding that her January 20, 2011 response to Brooks's motion for summary judgment was untimely under rule 166a. We agree. Rule 166a provides that, except on leave of court, a party resisting summary judgment may file a response, including any supporting affidavits, "not later than seven days prior to the day of hearing." *See* Tex. R. Civ. P. 166a(c); *Carpenter*, 98 S.W.3d at 686. The hearing on Brooks's motion for summary judgment was set for January 27, 2011. Seven days prior to January 27 is January 20. Thus, under rule 166a, Sand had to file her response to Brooks's motion for summary judgment by—i.e., not later than—January 20, 2011. *See Carpenter*, 98 S.W.3d at 685 (noting that summary-judgment hearing set for June 4, 1999, required response by May 28, 1999). Accordingly, because Sand filed her original response by rule 166a's deadline, the district court erred in determining that her original response was untimely under the rules and refusing to consider it.[1] *See Columbia*, 284 S.W.3d at 856.

---

[1] Sand makes similar arguments regarding her supplemental response, filed on January 27, but because it was filed after rule 166a(c)'s seven-day deadline without leave of court, the district court did not abuse its discretion by finding it untimely and refusing to consider it. Regardless, we note that Sand did not attach any additional summary-judgment evidence to her supplemental response; rather, it simply incorporated the exhibits previously attached to the January 20 response and, importantly, she did not contradict that she had filed the probate application more than four years after Elroy's death. To that extent, its exclusion appears to be of no consequence on appeal.

Our inquiry does not end here, however. In addition to showing an abuse of discretion, a party complaining of error in the exclusion of evidence must also show that the trial court's error was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment. *See* Tex. R. App. P. 44.1(a)(1); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). To determine if the trial court's exclusion of Sand's responses was harmful, we first examine the trial court's decision to grant summary judgment in Brooks's favor, which we review de novo using the well-established standards for summary judgment set forth in rule 166a and Texas cases. *See* Tex. R. Civ. P. 166a(c) (providing that movant is entitled to summary judgment if competent summary-judgment evidence shows that there is no genuine issue as to any material fact and the movant is entitled to summary judgment as a matter of law); *see, e.g.*, *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005) (setting forth summary-judgment review standards, including that summary judgments are reviewed de novo, evidence favorable to the non-movant is taken as true, reasonable inferences are indulged and doubts are resolved in the nonmovant's favor). If we determine that Brooks met his burden for summary judgment, which Sand does not challenge on appeal, we next consider all of the evidence Sand presented, including her excluded responses, to determine if she raises a fact question on her claims. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam) (holding that if the defendant movant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, he is entitled to summary judgment unless the non-movant plaintiff presents summary-judgment evidence raising a genuine issue of material fact as to one of the elements at issue). If the evidence, including the excluded evidence, does not raise a fact issue, then any error caused by the trial court's exclusion of her responses is harmless.

5

To probate a will as a muniment of title in Texas, the applicant "*must first prove*," among other things, that "four years have not elapsed since the person's death and prior to the application." *See* Tex. Prob. Code Ann. § 89B(a)(1) (emphasis added); *see also* Act of May 19, 1997, 75th R.S., ch. 540, § 6, 1997 Tex. Gen. Laws 1907, 1910 (providing that section 89B applies to estates of decedents dying after September 1, 1997). Stated another way, in order for Sand to be successful on her application to probate Elroy's will as a muniment of title, she has to show that she filed the application within four years of Elroy's death—i.e., by March 19, 2004. Brooks's summary-judgment motion asserted that Sand's application was barred because it was filed more than four years after Elroy's death, and his summary-judgment evidence establishes—and, in fact, Sand states in her pleadings—that Elroy died in 2000 and that Sand filed the application in 2009. In other words, Brooks's summary-judgment evidence conclusively negated an essential element of Sand's probate claim. Having done so, Brooks was entitled to summary judgment on that claim unless Sand's summary-judgment evidence raised a question of fact as to that issue. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010) (citing *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995)); *Willrich*, 28 S.W.3d at 23. But in addition to the fact that Sand had judicially admitted that she could not meet the probate code's requirements, *see Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1982) (explaining that "[a]ssertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions"), her summary-judgment evidence, including all the evidence improperly excluded by the district court, did not controvert Brooks's assertions—i.e., that Elroy died in 2000 and that Sand filed the application in 2009—rather, it confirms those assertions by explaining that she could not file the application until 2009 because she did not have a copy of it until 2008.

6

Accordingly, Brooks was entitled to summary judgment and, more important to our inquiry on appeal, the district court's failure to consider Sand's summary-judgment evidence did not result in an improper judgment. As such, we will not disturb the district court's judgment. *See* Tex. R. App. P. 44.1(a)(1).

Sand contends that this Court may not engage in a harm analysis here because the district court's order stated that it was granting summary judgment "on the basis that there is 'no controverting evidence' timely filed by [Sand]." We take this argument to be a reference to the general rule that we must limit our consideration of a summary judgment on appeal to those grounds upon which the trial court granted summary judgment. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996). We disagree that this general rule is implicated here. First, the district court's statement is not a ground on which it granted summary judgment; rather, it is an explanation that, having found that Brooks established that he was entitled to summary judgment, the district court was granting summary judgment because Sands failed to produce competent summary-judgment evidence raising a fact issue. But more importantly, the rules of appellate procedure clearly require this Court to engage in a harm analysis: "No judgment may be reversed on appeal on the ground that a trial court made an error of law unless the court of appeals concludes that the error complained of . . . probably caused the rendition of an improper judgment." Tex. R. Civ. P. 44.1(a)(1); *see also Meridien Hotels, Inc. v. LHO Fin. P'ship I, L.P.*, 255 S.W.3d 807, 820 (Tex. App.—Dallas 2008, no pet.) (holding that appellant must show that error caused rendition of improper summary judgment). Finally, we also note that we may consider other summary-judgment grounds that the trial court did not rule on in the interest of judicial economy. *See Cincinnati Life*, 927 S.W.2d at 626.

We overrule Sand's issues on appeal.

## CONCLUSION

Having overruled Sand's issues on appeal, we affirm the district court's judgment.

_____

Jeff Rose, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   August 9, 2012