Bob E. CARPENTER, C.D. Consulting and Operating Company, and C.D. Roustabout Company and Equipment Sales, Petitioners,

v.

CIMARRON HYDROCARBONS CORPORATION, Respondent.

No. 01–0002.

Supreme Court of Texas.

Argued Nov. 28, 2001.

Decided Dec. 31, 2002.

Opinion Concurring in Judgment and Dissenting

Opinion Filed July 3, 2002.

Rehearing Denied April 3, 2003.

Sue S. Walker, Fort Worth, Christopher N. Forbis, Sewell and Forbis, Decatur, Michael A. Miller, Miller & McCarthy, P.C., Dallas, Thomas M. Michel, David L. Evans, Bourland Kirkman Seidler Evans Jay & Michel, LLP, Fort Worth, April Love Foscue, Dallas, for Petitioner.

Joseph W. Spence, Shannon Gracey Ratliff & Miller, Robert E. Aldrich, Jr., John F. Murphy, Gardner Aldrich & Murphy, LLP, Fort Worth, for Respondent.

Justice O'NEILL delivered the opinion of the Court in which Chief Justice PHILLIPS, Justice ENOCH, Justice OWEN, Justice HANKINSON and Justice JEFFERSON joined.

We grant Cimarron Hydrocarbon Corporation's motion for rehearing. We withdraw our opinion and judgment of July 3, 2002, and substitute the following in its place.

In this case, we decide the review standards governing certain pre- and post-summary judgment rulings. Defendants in the underlying case each filed summary-judgment motions to which the plaintiff failed to timely respond. Plaintiff filed a motion for leave to file a late response and a motion to continue the scheduled summary-judgment hearing. The trial court denied plaintiff's motions and granted the defendants summary judgment. Plaintiff then filed a motion for new trial claiming that the trial court abused its discretion in denying plaintiff's pre-summary judgment motions. Alternatively, plaintiff claimed that the equitable standard we established in *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939), to review motions for new trial on default judgments should apply in this context. The trial court denied plaintiff's motion for new trial, but the court of appeals reversed and remanded, holding that *Craddock* applied and that the plaintiff had met that standard. 35 S.W.3d 692, 694.

We hold that *Craddock* does not apply to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond

when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes. In this case, the rules provided the plaintiff an opportunity to obtain leave to file a late response to the summary-judgment motion.[1] Therefore, the court of appeals erred in applying the equitable *Craddock* standard to plaintiff's motion for new trial. We further hold that a motion for leave to file a late summary-judgment response should be granted when the non-movant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of an accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. Because the plaintiff here did not establish good cause, the trial court did not abuse its discretion in denying plaintiff's motion. Nor did the trial court err in denying plaintiff's motion for new trial on this basis. Accordingly, we reverse the court of appeals' judgment and remand to that court to allow it to consider points Cimarron raised that it did not previously address.

## I

In the underlying lawsuit, Cimarron Hydrocarbons Corp. alleges that the petitioners, Bob E. Carpenter, C.D. Consulting and Operating Co., and C.D. Roustabout Co. (collectively, "Carpenter"), agreed to select, furnish, and install casing in a new oil and gas well in Jack County, Texas. The casing failed as it was being cemented within the well bore, and the well could not be completed. In November 1997, Cimarron sued Carpenter alleging that Carpen-

ter was negligent, violated the Deceptive Trade Practices Act, and breached express and implied warranties.

On March 5, 1999, Cimarron's counsel withdrew. Ten days later, Carpenter moved for summary judgment, and a hearing on the motion was set for April 30th. Cimarron retained new counsel, Robert Aldrich, on April 15th. Aldrich contacted Carpenter's counsel, who agreed to reset the summary-judgment hearing. Aldrich testified (at the hearing on Cimarron's motion for new trial) that, after speaking with Carpenter's counsel, he gave the summary-judgment motion to an associate, John Murphy, to prepare a response and handle the summary-judgment hearing. On April 28th, Aldrich received notice that the summary-judgment hearing had been reset for June 4th, making Cimarron's summary-judgment response due by May 28th. Aldrich testified that he placed the hearing notice in his outbox for his assistant to calendar, but failed to attach a note on it directing her to calendar the hearing for Murphy, as was his usual practice. Aldrich mistakenly assumed that Murphy was aware of the new hearing date and was preparing a response.

Two days before the scheduled hearing, Aldrich was reminded of the hearing date while speaking with an expert he had retained in mid-May. After that conversation, Aldrich asked Murphy for the response he assumed had been filed and discovered that a response had not been prepared. Upon realizing the mistake, Murphy began preparing a response, and Aldrich contacted Carpenter's counsel to inquire whether he would agree to the filing of a late response or a continuance of

---

1. The rules also allowed the plaintiff to seek a continuance of the summary-judgment hearing. Although the trial court denied that relief to the plaintiff here, its decision is not contested in this appeal. Accordingly, we do not consider whether the trial court abused its discretion in denying plaintiff's continuance motion.

the hearing. Carpenter's counsel did not agree.

The day of the hearing, Cimarron filed a motion for leave to file an untimely response, with a proposed response attached, and a motion for continuance. The trial court denied both motions and granted Carpenter's motion for summary judgment. Cimarron filed a motion for new trial, claiming that the trial court abused its discretion in denying Cimarron's pre-summary judgment motions and, alternatively, that the summary judgment should be set aside on the equitable grounds articulated in *Craddock*. After conducting an evidentiary hearing, the trial court denied Cimarron's new-trial motion. Applying the *Craddock* standard, the court of appeals reversed the summary judgment. 35 S.W.3d at 696. We granted Carpenter's petition to decide the review standards governing Cimarron's motions.

## II

■ In *Craddock*, we held that a default judgment should be set aside when the defendant establishes that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Craddock*, 133 S.W.2d at 126. Such a rule, we noted, is based upon equitable principles and "prevents an injustice to the defendant without working an injustice on the plaintiff." *Id.* In *Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex.1966), we again cited equitable principles and extended *Craddock* to cases in which a party has answered but fails to appear for trial. The present situation, though, differs significantly from the circumstances presented in those cases.

In *Craddock*, the defendant was served with citation, which he forwarded to his insurance agent, who in turn forwarded the citation to the insurance company whose duty it was to defend. Although marked "urgent," the citation was mixed up with other insurance company mail and was not discovered until the day on which the default judgment was rendered. Thus, the defendant did not actually realize its mistake in time to correct it before the default judgment was rendered. *Craddock*, 133 S.W.2d at 125. Similarly, in *Ivy v. Carrell*, the new trial movant did not learn that the case had been set for trial until after the trial court rendered judgment. 401 S.W.2d 336, 338 (Tex.Civ.App.-Beaumont 1966) (noting that mailed notice of trial setting did not reach defaulting party's attorney), *aff'd*, 407 S.W.2d 212 (Tex.1966). In both cases, the defaulting party realized its mistake only after judgment, when the only potential relief available was a motion for new trial or to otherwise set aside the judgment.

■ In this case, Cimarron learned two days before the summary-judgment hearing, well before judgment was rendered, that a timely response to the motion for summary judgment had not been filed. Our summary-judgment rules afford a party in this situation an opportunity to obtain additional time to file a response, either by moving for leave to file a late response or by requesting a continuance of the summary-judgment hearing. *See* Tex.R. Civ. P. 166a(c), 251. Cimarron actually availed itself of these remedies by filing a motion for leave to file a late response and, alternatively, requesting a continuance. That the trial court denied these remedies does not mean that they were not available; rather, the trial court's rulings on Cimarron's pre summary-judgment motions are, like most other trial court rulings, subject to review for an abuse of discretion.

Our purpose in adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available. *See Craddock*, 133 S.W.2d at 126. But when our rules provide the defaulting party a remedy, *Craddock* does not apply. Thus, we hold that *Craddock* does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the nonmovant failed to timely respond when the movant had an opportunity to seek a continuance or obtain permission to file a late response. Here, the facts necessary to establish good cause were available from Cimarron's own counsel and his employees two days before the summary-judgment hearing. The facts were all ascertainable without resort to any time-consuming formal discovery processes. Because Cimarron had an opportunity to seek a continuance or leave to file a late response, the court of appeals erred in applying *Craddock*.

Cimarron argues that we should follow those courts of appeals that have applied the *Craddock* standard in the summary-judgment context. *See, e.g.,* Huffine v. Tomball Hosp. Auth., 979 S.W.2d 795, 799 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Medina v. W. Waste Indus.,* 959 S.W.2d 328, 330 (Tex.App.-Houston [14th Dist.] 1997, pet. denied); *Washington v. McMillan,* 898 S.W.2d 392, 396 (Tex.App.-San Antonio 1995, no writ); *Gonzales v. Surplus Ins. Servs.,* 863 S.W.2d 96, 102 (Tex.App.-Beaumont 1993, writ denied); *Krchnak v. Fulton,* 759 S.W.2d 524, 528–29 (Tex.App.-Amarillo 1988, writ denied); *Costello v. Johnson,* 680 S.W.2d 529, 531 (Tex.App.-Dallas 1984, writ ref'd n.r.e.) (all applying *Craddock* ). In most of those cases, it appears that the summary-judgment nonmovant may not actually have been aware of its mistake before the summary-judgment hearing. *But see Western*

*Waste,* 959 S.W.2d at 331 (applying *Craddock* even though the new-trial movant had "ample time" before judgment was rendered to either respond to the summary-judgment motion or to request additional time to respond). We do not decide today whether *Craddock* should apply when a nonmovant discovers its mistake after the summary-judgment hearing or rendition of judgment. But we disapprove of *Western Waste* and other court of appeals decisions to the extent that they can be read to hold that all of the *Craddock* factors must be met when a nonmovant is aware of its mistake at or before the summary-judgment hearing and thus has an opportunity to apply for relief under our rules.

### III

Having determined that *Craddock* does not apply in this case, we must decide whether the trial court abused its discretion in denying Cimarron's motion for leave to file a late response to Carpenter's motion for summary judgment. Rule 166a(c) provides that, except on leave of court, a party resisting summary judgment may file a response "not later than seven days prior to the day of hearing." Tex.R. Civ. P. 166a(c). Our rules further provide that a trial court may permit an act to be done after a period prescribed in other procedural rules upon a showing of "good cause." Tex.R. Civ. P. 5. Carpenter contends that the trial court did not abuse its discretion when it denied Cimarron leave to file an untimely response because Cimarron failed to demonstrate good cause. We agree.

We review a trial court's ruling on a motion for leave to file a late summary-judgment response for an abuse of discretion. *See, e.g.,* Atkins v. Tinning, 865 S.W.2d 533, 535 (Tex.App.-Corpus Christi 1993, writ denied) (applying abuse of dis-

cretion standard). A trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). We have never articulated principles governing the application of "good cause" in this context. But we have addressed "good cause" in similar contexts.

In *Stelly v. Papania*, 927 S.W.2d 620, 621 (Tex.1996), for example, the defendant filed a motion for summary judgment claiming that he did not own the property on which the plaintiff slipped and fell. Preliminarily, the defendant sought leave to withdraw and amend his prior answer to requests for admissions in which he had admitted owning the premises. *Id.* at 621. We noted that, in the analogous deemed-admissions context, a party demonstrates good cause to withdraw admissions by showing that its failure to answer was not intentional or the result of conscious indifference, but was accidental or the result of mistake, and that the parties relying on the responses will not be unduly prejudiced. *Id.* at 622. Applying that standard to the defendant's motion to withdraw and amend prior admissions, we emphasized that the civil procedure rules' purpose is to fairly and equitably adjudicate parties' claims, and not to prevent a litigant from presenting his case. *Id.* Because the defendant presented evidence of good cause, we held that the trial court did not abuse its discretion in allowing the defendant to withdraw and amend his answers before the trial court considered the defendant's summary-judgment motion. *Id.; see also Wal–Mart Stores, Inc. v. Deggs*, 968 S.W.2d 354, 356–57 (Tex.1998) (applying same standard to request to withdraw deemed admissions).

On the other hand, in a number of cases interpreting former Rule 215(5) of the Texas Rules of Civil Procedure, we applied a more stringent test. That rule provided that evidence not disclosed in response to proper discovery requests could not be presented at trial unless its proponent demonstrated good cause for its admission. While we did not specifically define "good cause" in that context, we held that an inadvertent failure to supplement responses was insufficient to establish good cause, even if admitting the evidence would not be unfair to the opposing party. *Sharp v. Broadway Nat'l Bank*, 784 S.W.2d 669, 672 (Tex.1990); *E.F. Hutton & Co., Inc. v. Youngblood*, 741 S.W.2d 363, 364 (Tex. 1987). We reasoned that this more stringent test was warranted because "[a] party is entitled to prepare for trial assured that a witness will not be called because opposing counsel has not identified him or her in response to a proper interrogatory." *Sharp*, 784 S.W.2d at 671.

■ For several reasons, we believe the "good cause" standard governing the withdrawal of admissions is better fitted to the present context. First, because our rules do not mandate a summary-judgment response, a party that fails to timely file one has breached no legal duty. In contrast, our rules of procedure require litigants to supplement discovery responses. TEX.R. CIV. P. 193.5(a), 195.6. And a party's failure to disclose relevant evidence until the eve of trial may significantly hamper the opposing litigant's trial preparation, a consideration not present here. Finally, the consequences to a party that inadvertently fails to timely respond to a summary-judgment motion are often similar to those faced by a party that would otherwise be bound by erroneous or deemed admissions. Each faces the very real prospect of summary disposition without regard to the underlying merits. The standard that applies to the withdrawal of admissions fairly balances the parties' interests and furthers the policies our rules are intended to

serve. *See* Tex.R. Civ. P. 1; *see also Stelly*, 927 S.W.2d at 622. Accordingly, we hold that a motion for leave to file a late summary-judgment response should be granted when a litigant establishes good cause for failing to timely respond by showing that (1) the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment.

■ Applying this standard, we conclude that the trial court did not abuse its discretion in denying Cimarron leave to file a late response. Cimarron's motion offered no explanation for its failure to timely respond, nor was it accompanied by any supporting affidavits or other evidence. The only argument Cimarron's motion presented was that Carpenter would suffer no prejudice if its late filing were permitted. While counsel argued at the hearing on the motion that Cimarron had not timely responded because of a calendaring error, he offered no explanation of the error from which the trial court might determine that an accident or mistake had occurred. It was not until after the hearing that Cimarron investigated and learned the sequence of events that caused the filing deadline to pass. Even assuming that the trial court could consider counsel's unsworn argument under these circumstances in deciding whether Cimarron established good cause to allow a late response, we cannot say that the trial court abused its discretion in denying leave based upon counsel's bare assertion that he had "miscalendared" the summary-judgment hearing. Nor did the trial court err in denying Cimarron's motion for new trial on this basis.

## IV

Cimarron asks that we remand this case to the court of appeals to allow it to consider Cimarron's contention that the trial court erred in rendering summary judgment for Carpenter in his individual capacity. The court of appeals did not consider this contention because it concluded that Cimarron was entitled to a new trial under *Craddock*. Accordingly, we reverse the court of appeals' judgment and remand to that court to consider this point. *See* Tex. R.App. P. 60.2(d).

## V

In sum, we hold that a motion for leave to file a late summary-judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) that allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment. Because Cimarron did not establish good cause, the trial court did not abuse its discretion in denying Cimarron leave to file a late response. We further hold that the *Craddock* standard does not apply to Cimarron's motion for new trial because our rules provided Cimarron an opportunity before judgment was rendered to obtain a continuance or leave to file an untimely response. Accordingly, we reverse the court of appeals' judgment and remand to that court to allow it to consider issues Cimarron raised that it did not previously consider.

Justice HECHT filed a concurring opinion.

Justice SCHNEIDER and Justice SMITH did not participate on rehearing.

Justice HECHT, concurring in the judgment.

I agree with the result the Court reaches, but for different reasons.

The legal issue is this: when must a trial court grant leave to file a late response to a motion for summary judgment. The Court holds that leave must be granted if the losing party proves that the failure to file a timely response was not intentional or the result of conscious indifference, but was due to accident or mistake. I would give the trial court more discretion to deny leave unless the failure to timely file is reasonably explained. Here, no such explanation was given.

The Court concludes, and I agree, that a party is not entitled to leave to file a late response if it satisfies the three requirements of *Craddock v. Sunshine Bus Lines*[1] for obtaining a new trial after a default judgment.[2] *Craddock* states:

> A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.[3]

The explanation the Court gives for not applying *Craddock* in this case is that the rules of procedure provided Cimarron a reasonable opportunity to obtain leave to file a late response. But surely the rules of procedure provide every party a reasonable opportunity to obtain leave to respond late. Parties may not avail themselves of that opportunity, but the rules always provide it. The reason the *Craddock* standards should not apply is that the failure to timely answer a petition and the failure to timely respond to a motion for summary judgment are very different situations, as the facts of this case summarized below show.

Further, while the Court states that it will not apply *Craddock*, in fact it does exactly that: it uses the same "fault" or "good cause" standard that *Craddock* does. The dispute between the parties in this case is not over whether the "meritorious defense" requirement of *Craddock* can be imposed or modified. The dispute is over whether Cimarron's counsel gave the trial court enough of a reason to obtain leave to respond late. The Court states that it will not look to *Craddock* for guidance and then applies the standard of that case, word for word.

The result in this case does not seem close to me. Carpenter's motions for summary judgment had been on file for eleven weeks before the hearing, and Carpenter's counsel had agreed to one postponement requested by Cimarron. Cimarron's motion for leave to file a late response, filed the day of the hearing, gave no reason for Cimarron's failure to file a timely response. At the hearing, the only explanation Cimarron's counsel offered was that he "had mis-calendared this setting". He did not elaborate or offer any evidence. The trial court was well within its discretion to deny leave. Counsel's later explanation, offered in support of the motion for new trial, came too late.

Whether a different standard should apply in other circumstances after summary judgment I would leave for a case in which

---

**1.** 134 Tex. 388, 133 S.W.2d 124 (1939).

**2.** 35 S.W.3d 692.

**3.** *Craddock,* 133 S.W.2d at 126.

the implications have been briefed—or better still, for the rules process.