# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00573-CV

**April and Joshua Van Hoose, Appellants**

**v.**

**Vanderbilt Mortgage and Finance, Inc., Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. 31,972, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants April and Joshua Van Hoose, appearing pro se, appeal from the trial court's grant of summary judgment in favor of Vanderbilt Mortgage and Finance, Inc., on a breach of contract claim regarding a manufactured home retail installment contract. We affirm the trial court's judgment.

## BACKGROUND

Vanderbilt was the holder of a manufactured home retail installment contract signed by the Van Hooses in connection with their purchase of a manufactured home in August 1999. In October 2007, Vanderbilt filed suit against the Van Hooses for breach of contract on the grounds that they had defaulted on their mortgage payments. Vanderbilt sought foreclosure and repossession of the manufactured home, judgment on the unpaid balance under the contract, and attorney's fees. Vanderbilt subsequently served the Van Hooses with requests for admissions regarding each element

of its breach of contract claim. These requests went unanswered by the Van Hooses and were deemed admitted. *See* Tex. R. Civ. P. 198.2(c). In March 2008, Vanderbilt filed a motion for summary judgment, attaching the deemed admissions, as well as copies of the contract, the notice of default sent to the Van Hooses by Vanderbilt, the notice of acceleration and demand for full payment, and the affidavit of a Vanderbilt representative attesting to the default, the deficiency amount, and the supporting documents. The Van Hooses did not respond to the motion, and after a hearing in which Joshua Van Hoose represented the appellants, the trial court granted summary judgment, stating that in light of the deemed admissions, "the Court has no choice but to grant the motion for summary judgment." The Van Hooses then filed a "Motion to Set Aside Summary Judgment, or Notice of Appeal," which was forwarded to this Court as a notice of appeal.

## DISCUSSION

The Van Hooses' brief on appeal does not contain a list of issues presented for review. *See* Tex. R. App. P. 38.1(f) (requiring appellant's brief to "state concisely all issues or points presented for review"). However, the Van Hooses appear to be making two arguments on appeal—that the summary judgment should be reversed because their failure to respond to the motion or answer Vanderbilt's requests for admissions was not intentional or due to conscious indifference, and that summary judgment was improper because Vanderbilt failed to properly apply payments to their account, improperly charged them for insurance coverage, and "modified the due dates of the contract."[1]

---

[1] While the Van Hooses do not actually reference the requests for admissions in their brief on appeal, we will assume that their statement regarding their failure to "timely and correctly respond to Summary Judgment" includes the failure to respond to Vanderbilt's requests for admissions, as summary judgment was predicated, at least in part, on the deemed admissions.

A party is not required to respond to a traditional motion for summary judgment. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 687 (Tex. 2002). In the present case, however, the Van Hooses not only failed to respond to the motion for summary judgment, but failed to respond to Vanderbilt's discovery requests, leading the trial court to grant summary judgment based on deemed admissions. If a party fails to respond to a request for admissions, the request is considered admitted. Tex. R. Civ. P. 198.2(c). "A matter admitted under this rule is conclusively established as to the party making the admission unless the court permits the party to withdraw or amend the admission." Tex. R. Civ. P. 198.3. This rule applies equally to pro se litigants and to those represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.3d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves. Litigants who represent themselves must comply with the applicable procedural rules, or else they would be given an unfair advantage over litigants represented by counsel."). A trial court may permit the withdrawal or amendment of an admission if the party shows good cause and the court finds that the opposing parties will not be unduly prejudiced and that presentation of the merits will be subserved. Tex. R. Civ. P. 198.3.

In the present case, the Van Hooses do not dispute their receipt of the requests for admissions and did not seek to withdraw or amend the deemed admissions at any point during the proceedings.[2] Instead, they filed a "Motion to Set Aside Summary Judgment, or Notice of Appeal,"

---

[2] At the summary-judgment hearing, in response to the court's statement that the unanswered requests for admissions were deemed admitted, Mr. Van Hoose responded, "I'm not arguing that, Your Honor." When the court later explained, "But you've admitted already that what he's suing you for is true," Mr. Van Hoose stated, "I'm admitting that what he's filing under is true, but if you actually look at the dates, there's a discrepancy." This statement, referring to the Van Hooses' argument that Vanderbilt imposed an incorrect due date on their mortgage payments, appears to be a concession regarding the deemed admissions.

in which they state that their failure to respond to the motion for summary judgment was due in part to April Van Hoose's medical condition.[3] Because there is no separate discussion regarding the deemed admissions, we will assume that this statement also constitutes an assertion that their failure to respond to the requests for admissions can be attributed to April's medical condition. As a result, we liberally construe the Van Hooses' post-judgment motion to be requesting leave to withdraw the deemed admissions and file a late response to summary judgment. *See Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (holding that, while litigant "never filed a motion to withdraw deemed admissions or a motion to allow a late response to the summary judgment, the arguments and requests in her motion for new trial were sufficient to put the trial court on notice of exactly that complaint"). We will first address the question of whether the Van Hooses should have been allowed to withdraw their deemed admissions.

The Texas Supreme Court held in *Wheeler* that a party should have the opportunity to withdraw deemed admissions "upon a showing of (1) good cause, and (2) no undue prejudice," even if the issue is raised for the first time in a motion for new trial. *Id.* To establish good cause, the party seeking to withdraw the deemed admissions must show that their failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake. *Id.*; *see also Carpenter*, 98 S.W.3d at 687-88. In *Wheeler*, the party seeking to withdraw admissions was a pro se litigant who had miscalculated the deadline to file her responses and inadvertently filed them

---

[3] The Van Hooses state, "Responses were not filed correctly by the Defendant[s] is in part [sic] due to April Van Hoose's medical conditions (Systemic Lupus and Pulmonary Hypertension) which her doctor states that [sic] the additional stress of court is an immediate threat to her health and life." We note that Joshua Van Hoose participated in the summary-judgment hearing and filed multiple pro se pleadings throughout the course of the litigation, including a counterclaim for breach of fiduciary duty.

4

two days after they were due. 157 S.W.3d at 441. The court held, "On this record, the lower courts could have concluded that [Wheeler] was wrong on her dates and wrong on how to correct them, but not that either was the result of intent or conscious indifference." *Id.* at 442.

In the present case, however, the Van Hooses do not argue that their failure to respond to the requests for admissions was a result of accident or mistake, but simply argue that it was due "in part," to Ms. Van Hoose's medical condition, which required her to avoid the stress of court proceedings. Because a showing of good cause requires a party to show that their failure to respond was a result of accident or mistake, we hold that the Van Hooses have failed to establish good cause to support the withdrawal of their deemed admissions. *See id.*; *Carpenter*, 98 S.W.3d at 687-88.

In addition, the "good cause" standard governing the withdrawal of admissions also applies to motions for leave to file a late summary-judgment response. *See Carpenter*, 98 S.W.3d at 687-88 (holding that trial court did not abuse its discretion in denying leave to file late response where party did not meet "good cause" standard). In light of our determination that the Van Hooses have failed to establish good cause to withdraw their admissions, we further hold that they have not shown good cause for failing to timely respond to the motion for summary judgment and are therefore not entitled to file a late response. The Van Hooses' first issue on appeal is overruled.

In their second issue on appeal, the Van Hooses assert that summary judgment was improper because they would not have defaulted on the contract if Vanderbilt had not improperly credited payments to their account, "improperly modified the due dates of the contract," and improperly charged them for insurance coverage. In addition to contradicting the deemed admissions presented to the trial court at the summary-judgment hearing, these assertions in the Van Hooses'

5

brief on appeal are unaccompanied by citations to the record or supporting legal authority. As a result, we consider this issue to be inadequately briefed and decline to address it. *See* Tex. R. App. P. 38.1(i) (requiring "appropriate citations to authorities and to the record").

## CONCLUSION

In light of our determination that the trial court did not err in granting summary judgment in favor of Vanderbilt, we affirm the trial court's order.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: May 8, 2009