**AFFIRM; and Opinion Filed August 4, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01189-CV

### DAWN M. BROWN, Appellant
### V.
### MELISSA 121/5 PARTNERS, LTD., Appellee

### On Appeal from the 366th Judicial District Court
### Collin County, Texas
### Trial Court Cause No. 366-03721-2012

## MEMORANDUM OPINION

Before Justices Moseley, O'Neill, and FitzGerald
Opinion by Justice O'Neill

Appellant Dawn M. Brown appeals the trial court's summary judgment in favor of appellee Melissa 121/5 Partners, Ltd. Appellant argues the trial court abused its discretion by denying her request for leave to file a late response to the summary judgment and by not granting her motion for new trial. We affirm.

## Background

Appellee and appellant entered into a lease agreement regarding property located in Melissa, Texas. Appellee filed suit against appellant and Joseph S. Hobbs[1] after they failed to pay rent for seven months. Appellee sought damages in the amount of $17,500.00 for rent and $315.00 in late fees for each month. Appellant filed a general denial.

---

[1] A default judgment was entered against Hobbs. He is not a party to this appeal.

Appellee later filed a motion for summary judgment, with supporting affidavits, based on the alleged undisputed facts establishing a breach of the lease agreement. A hearing was set on the motion for May 29, 2013. Appellant filed a motion for leave to file a late response to the motion for summary judgment arguing that her attorney was unaware of the hearing date. Her attorney alleged he received the forty-one-page motion for summary judgment and the forty-six-page default judgment motion against Hobbs at the same time via facsimile. A one page fax cover sheet indicating the hearing date was in between the two documents, and he "did not see this page and assumed he would later receive notice of a hearing date." Appellee filed a response in opposition to the motion. The trial court denied appellant's request for leave to file a last response and granted appellee's motion for summary judgment on May 29, 2013. The court awarded $36,445.00 in damages and attorney's fees. Appellant timely filed a motion for new trial, which was overruled by operation of law. This appeal followed.

**Denial of Motion for Leave to File a Late Summary Judgment Response**

In her first issue, appellant argues the trial court abused its discretion by not granting her leave to file a late response to appellee's motion for summary judgment. Appellee responds appellant (1) failed to show the required good cause for failing to timely file a response; (2) failed to file a sworn motion or affidavits in support of her response; and (3) failed to answer requests for disclosures.

We review the trial court's ruling under an abuse of discretion standard. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686–87 (Tex. 2002). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id*. at 687.

In a summary judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing. TEX. R. CIV. P. 166a(c). The nonmoving party must obtain leave to file evidence after

the deadline. *Id*. A motion for leave to file a late summary judgment response should be granted when the nonmovent establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference but the result of accident or mistake and (2) allowing the late response will not cause any undue delay or otherwise injure the party seeking summary judgment. *Carpenter*, 98 S.W.3d at 686.

We first acknowledge that appellant's motion for leave to file a late summary judgment response is neither verified nor has any supporting evidence attached. While appellee argues this alone is a ground to affirm, we follow the supreme court's lead in *Carpenter* and consider the merits of the motion to determine if appellant established good cause for failing to timely file a summary judgment response. *See id*. (noting party failed to attach any evidence or supporting affidavits to motion and "[e]ven assuming that the trial court could consider counsel's unsworn argument" at the hearing, counsel's bare assertion the he miscalculated hearing date did not establish good cause).

Here, appellant's motion for leave to file a late response alleged her attorney did not see the hearing notice because it was mixed in the middle of two large documents. The attorney further alleged he only learned of the hearing date when he checked the docket of his open cases one day before the scheduled hearing. Counsel failed to state in his motion that his actions were not intentional or the result of conscious indifference but the result of accident or mistake. However, even assuming his unverified arguments established the first *Carpenter* element, appellant failed to show the late response would not cause any undue delay or otherwise injure appellee. In fact, the motion does not even mention the possibility of delay if the court granted the motion for leave. *See, e.g., Swett v. At Sign, Inc*., No. 2-08-315-CV, 2009 WL 1425161, at *2 (Tex. App.—Fort Worth May 21, 2009, no pet.) (mem. op.) (holding trial court did not err by denying motion for leave to file a late summary judgment response when neither the unsworn

motion nor the attached affidavits discussed the possibility of delay if the trial court granted the motion). Appellee, however, specifically argued in its response that it would be prejudiced by a delay because it would delay entry of judgment and cause increased legal fees. Thus, we conclude appellant wholly failed to establish the second *Carpenter* element–that allowing the late response would not unduly delay or otherwise injure appellee. As such, appellant failed to establish good cause for not timely filing her motion for summary judgment response. We therefore hold the trial court did not abuse its discretion by denying appellant's motion for leave to file a late summary judgment response. Appellant's first issue is overruled.

### Denial of Motion for New Trial

Appellant also contends the trial court abused its discretion by denying her motion for new trial. We review the trial court's failure to grant a new trial for an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 779 (Tex. 1987).

Although appellant argues she established the *Craddock* elements and is entitled to a new trial, the supreme court in *Carpenter* determined "*Craddock* does not apply to a motion for new trial filed after judgment has been granted on a summary-judgment motion to which the nonmovant failed to timely respond when the movant had an opportunity to seek a continuance or obtain permission to file a late response." *Carpenter*, 98 S.W.3d at 686. While we acknowledge appellant requested permission to file a late response, her attempt was insufficient, as determined above. Moreover, appellant made the same arguments in her motion for new trial, without supporting affidavits, that she made in her motion for leave to file a late summary judgment response. Having found no abuse of discretion in the trial court's denial of her motion for leave to file a late summary judgment response, we likewise cannot conclude the trial court abused its discretion by not granting her motion for new trial. *Contra Nguyen v. Kuljis*, 414 S.W.3d 236, 242 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (holding appellants entitled

to a new trial after summary judgment granted against them when motion for new trial established good cause and no undue prejudice by attaching affidavits stating readiness to proceed to trial, to defend claims, to prosecute counterclaims, and a willingness to reimburse reasonable expenses).  We overrule appellant's second issue.

## Conclusion

The judgment of the trial court is affirmed.


/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


131189F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DAWN M. BROWN, Appellant

No. 05-13-01189-CV      V.

MELISSA 121/5 PARTNERS, LTD.,
Appellee

On Appeal from the 366th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 366-03721-2012.
Opinion delivered by Justice O'Neill.
Justices Moseley and FitzGerald
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MELISSA 121/5 PARTNERS, LTD. recover its costs of this appeal from appellant DAWN M. BROWN.


Judgment entered this 4th day of August, 2014.