

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00238-CV

WILLIAM A. KUTNER AND TARA G. KUTNER

APPELLANTS

V.

WELLS FARGO BANK, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND PULASKI MORTGAGE COMPANY

APPELLEES

----------

### FROM THE 67TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 67-267844-13

----------

## MEMORANDUM OPINION[1]

----------

After they lost their home to foreclosure, appellants William A. Kutner and

Tara G. Kutner sued appellees Wells Fargo Bank, N.A. and Mortgage Electronic

---

[1]See Tex. R. App. P. 47.4.

Registration Systems, Inc.[2] for filing a fraudulent lien instrument, violating the Texas Debt Collection Act and the property code, and breaching a contract. They also sought injunctive relief.

On March 26, 2014, appellees moved for a traditional and no-evidence summary judgment on all of the Kutners' claims. At 9:32 a.m. on May 2, 2014—the day of the summary judgment hearing—the Kutners filed their response to the motion.[3] *Cf.* Tex. R. Civ. P. 166a(c) (stating that except on leave of court, opposing affidavits or other written response should be filed "not later than seven days prior to the day of hearing").

The Kutners attached no evidence to their late-filed response, but instead asked for a 10-day extension of time "to file a more complete response" and alternatively for the response to be deemed timely filed. Later that day, they also filed a motion to extend time to reply to the summary judgment motion.[4] The trial court granted appellees' oral motion to strike the untimely response and granted a general summary judgment in appellees' favor.

---

[2]The Kutners attempted to sue Pulaski Mortgage Company but stated in their original petition that it was "apparently defunct" and that they were trying to sue "whichever entity or entities may be found as successor(s) to Pulaski." It does not appear that any such entity was ever made a party to the case.

[3]According to "Defendants' Response in Opposition to Plaintiffs' Motion to Vacate Judgment," the appellees' summary judgment motion was set for hearing at 11:00 a.m. on May 2.

[4]"Plaintiffs' Motion to Extend Time for Reply to Motion for Summary Judgment of Defendants Wells Fargo and MERS" was filed at 3:18 p.m. on May 2.

The Kutners appeal the summary judgment but not the trial court's ruling on appellees' motion to strike and its corresponding implied denial of their requests for extension to file the late summary judgment response. *Cf. Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002) (op. on reh'g) (setting out when a trial court should grant a motion for leave to file a late summary-judgment response). Nor do the Kutners object to any procedural defects in the motion itself. *See Fieldtech Avionics & Instruments, Inc. v. Component Control.com, Inc.*, 262 S.W.3d 813, 824 (Tex. App.—Fort Worth 2008, no pet.) (holding that "rule 166a(i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case" and the failure to state specific elements "is fundamentally defective and insufficient to support summary judgment as a matter of law").

Appellees' motion included at least one no-evidence ground on each of the Kutners' claims. Unless a procedural defect precludes the granting of a no-evidence motion for summary judgment, the trial court must[5] grant the no-evidence portion of a summary judgment motion unless the nonmovant produces summary judgment evidence raising a genuine issue of material fact and points out such evidence to the trial court. *See Correa v. Citimortgage*, No. 02-13-00019-CV, 2014 WL 3696101, at *2–3 (Tex. App.—Fort Worth July 24, 2014, no

---

[5]*Cf.* Tex. R. Civ. P. 166a(i) cmt. (West 2014) ("The denial of a motion under paragraph (i) is no more reviewable by appeal or mandamus than the denial of a motion under paragraph (c).").

pet.) (mem. op.) (quoting *Dyer v. Accredited Home Lenders, Inc.*, No. 02-11-00046-CV, 2012 WL 335858, at *3–5 (Tex. App.—Fort Worth Feb. 2, 2012, pet. denied) (mem. op.)).  The Kutners did neither.

Therefore, we affirm the trial court's judgment.

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  WALKER, GABRIEL, and SUDDERTH, JJ.

DELIVERED:  June 4, 2015