**Affirmed and Majority and Concurring Opinions filed September 29, 2020.**



In The

## Fourteenth Court of Appeals

NO. 14-18-00784-CV

**GLENN HERBERT JOHNSON, Appellant**

**V.**

**HARRIS COUNTY, HARRIS COUNTY DEPARTMENT OF EDUCATION, THE PORT OF HOUSTON AUTHORITY OF HARRIS COUNTY, THE HARRIS COUNTY FLOOD CONTROL DISTRICT, THE HARRIS COUNTY HOSPITAL DISTRICT, THE CITY OF HOUSTON, THE HOUSTON INDEPENDENT SCHOOL DISTRICT, AND THE HOUSTON COMMUNITY COLLEGE SYSTEM, Appellees**

**On Appeal from the 190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2017-71003**

### CONCURRING OPINION

Because the majority ignores binding precedent from this court, I must concur. Appellant Glenn Herbert Johnson contends that he did not receive notice of the summary judgment motion until after the trial court rendered judgment. The record shows that Johnson was served with notice of the motion and did not present evidence to rebut the presumption of receipt and notice. He moved for

rehearing of the motion for summary judgment after the trial court rendered judgment.

This court's precedent in *Ramey v. Bank of America, N.A.*, No. 14-11-01109-CV, 2013 WL 84922 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.), is directly on point. In that case, the plaintiffs moved for rehearing after the trial court granted the defendant's motion for summary judgment. *Id.* at *1. In their motion for rehearing, the plaintiffs alleged that their attorney did not learn about the summary judgment motion until after judgment had been rendered. *Id.* at *2. Johnson also alleged in his motion for rehearing that he did not receive notice of the summary judgment motion until after the trial court rendered judgment.

The *Ramey* court concluded that because the plaintiffs failed to present evidence they did not receive notice of the summary judgment hearing until after the hearing occurred and judgment was rendered, the plaintiffs failed to rebut the presumption of notice and were required to demonstrate good cause to file a late summary judgment response under supreme court precedent. *Id.* at *3 (citing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002)). The supreme court articulated the standard for a nonmovant to be allowed to file a late summary judgment response in *Carpenter*: the nonmovant must establish good cause by showing that (1) the failure to timely respond was not intentional or the result of conscious indifference, but the result of accident or mistake; and (2) allowing a late response will occasion no undue delay or otherwise injure the party seeking summary judgment. 98 S.W.3d at 688; *see also Ramey*, 2013 WL 84922, at *3.

The majority posits that Johnson has not challenged the trial court's ruling on the summary judgment motion. That is disingenuous: the remedy if Johnson were to prevail on appeal would be to set aside the summary judgment and give

Johnson an opportunity to respond. In fact, Johnson expressly complains that he did not file a response because he lacked notice of the motion.

The majority cites *Modelist v. Deutsche Bank National Trust Co.*, No. 14-10-00249-CV, 2011 WL 3717010, at *2 (Tex. App.—Houston [14th Dist.] Aug. 25, 2011, no pet.) (mem. op.), for the proposition that the court is not required to address "whether the appellant had shown good cause or whether the appellant had satisfied the legal standard applicable to a request to file a late summary-judgment response." However, the majority concedes that *Modelist* and *Ramey* are not in conflict. In *Modelist*, the court gave no indication that the appellant complained about his inability to file a response to the motion for summary judgment. Here, Johnson expressly contends that "he did not file a response" because he lacked notice of the motion for summary judgment. In *Ramey*, the plaintiffs similarly argued lack of notice as "the sole excuse for their untimely summary judgment response." 2013 WL 84922, at *3. The majority conveniently brushes aside the *Ramey* precedent as "obiter dictum" but offers no meaningful analysis for why the holding in *Ramey* is not binding under these facts. *Ramey* is controlling.

Johnson was required to show good cause under *Carpenter* to be entitled to reversal and to be entitled to respond to the motion. *See id.* Johnson has not met this burden, so the proper remedy is to affirm the trial court's judgment. *See id.* But because the majority fails to analyze good cause under *Carpenter* in accordance with this court's binding precedent in *Ramey*, I must concur.

/s/     Frances Bourliot
        Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot. (Bourliot, J., concurring).