**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring Opinions filed September 29, 2020.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-18-00928-CV

---

### BRETT STETTNER, Appellant

### V.

### LEWIS & MAESE AUCTION, LLC, Appellee

---

**On Appeal from the 127th District Court
Harris County, Texas
Trial Court Cause No. 2017-15927**

---

### CONCURRING OPINION

I agree with the majority that Stettner did not raise an issue in the trial court regarding whether his failure to respond to the summary judgment motions was intentional or due to conscious indifference. I write separately to address the applicable standard of review.

Stettner contends that despite his failure to raise the issue below, we can infer that his failure to appear was not intentional or due to conscious indifference,

citing the standard to set aside a default judgment under *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133 S.W.2d 124, 126 (1939). Lewis & Maese contend that Stettner was required to show good cause to set aside the summary judgment under *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002). Under either standard, Stettner was required to present evidence that his failure to respond was not intentional or the result of conscious indifference and that granting the motion would not cause delay or otherwise injure Lewis & Maese. *See Carpenter*, 98 S.W.3d at 688; *Craddock*, 133 S.W.2d at 126. Stettner did not present evidence that his failure to respond would not cause delay or otherwise injure Lewis & Maese.

This court has held when a nonmovant fails to rebut the presumption of notice of a summary judgment motion and hearing, as here, to be entitled to reversal, the nonmovant must demonstrate good cause to file a late summary judgment response under *Carpenter. Ramey v. Bank of America, N.A.*, No. 14-11-01109-CV, 2013 WL 84922, at *3 (Tex. App.—Houston [14th Dist.] Jan. 8, 2013, no pet.) (mem. op.). As discussed, Stettner did not establish good cause under *Carpenter* or meet the *Craddock* standard to set aside a default judgment, but it would be helpful to both bench and bar to address which standard applies here. I would hold the good cause standard applies, in accordance with this court's *Ramey* opinion.


/s/     Frances Bourliot
        Justice

Panel consists of Chief Justice Frost and Justices Christopher and Bourliot (Frost, C.J., majority).