**AFFIRMED and Opinion Filed June 8, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-01058-CV**

**AZITA NAZARY, Appellant**
**V.**
**SOLID CLASSIC, LP D/B/A CLASSIC BMW AND SOLID CLASSIC I, INC.**
**D/B/A CLASSIC BMW, Appellee**

**On Appeal from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-02809-2020**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Miskel
Opinion by Justice Carlyle

Azita Nazary appeals from a no-evidence summary judgment granted in favor of Solid Classic, LP and Solid Classic I, Inc. (collectively, "Classic")—owners of the Classic BMW car dealership. We affirm in this memorandum opinion. *See* Tex. R. App. P. 47.4.

Ms. Nazary alleges that she slipped and fell on a small puddle of water in the Classic BMW service department. She sued Classic for negligence based on theories of premises liability and negligent activity. Classic moved for traditional and no-evidence summary judgment, arguing: (1) there is no evidence that Classic had

actual or constructive knowledge of any water on its floor; (2) there is no evidence that Classic failed to exercise reasonable care to reduce or eliminate the risk posed by any water on its floor; and (3) Ms. Nazary's negligent-activity theory fails because her claim as alleged sounds solely in premises liability.

Ms. Nazary responded to Classic's motion, attaching as evidence deposition excerpts and a photograph she took approximately four months after the accident showing another puddle of water in an area of the service floor near where she fell. In response to Classic's argument that she lacked evidence showing actual or constructive knowledge of any water on its floor, she relied on her deposition testimony that a Classic employee told her after she fell that the rails on the service floor's garage doors were "always leaking." She added that Classic's service manager testified that if there were water on the ground, it would "provide a slip and fall possibility for employees as well as customers."

Based primarily on that evidence, she argued, "[a] jury could, and should, find that there was water on the ground, and that that amount of water on the ground constitutes an unreasonably dangerous condition." Further, she contended, "[a] jury could find that [Classic's] employees knew that there was water on the ground in that area, well before Plaintiff slipped and fell." And "[a] jury could, and should, find that [Classic] knew or should have known about the water in that area."

With respect to whether Classic breached a duty of care concerning any water on its floor, Ms. Nazary's response consisted entirely of the following paragraph:

Defendants stated in [their] Motion for Summary Judgment that "there is no evidence that Classic failed to exercise reasonable care in reducing or eliminating the risk" posed by the water on the ground. *See Defendant's Motion for Summary Judgment*. Defendants do not allege [they] cleaned up the water on the ground before Plaintiff slipped and fell. Defendants have no evidence to indicate [they] took any precautions or corrective measures to protect Plaintiff. The issue that resulted in water on the ground was persistent and ongoing. Therefore, a jury could, and should, find that Defendants failed to correct the dangerous condition before Plaintiff's injury.

Classic objected to Ms. Nazary's summary judgment evidence in its reply, and Ms. Nazary filed a surreply addressing those objections. Her surreply referenced a deposition excerpt in which Classic's service manager, after reviewing surveillance video from the incident, identified one of the people coming to Ms. Nazary's aid after her fall as a Classic employee. But Ms. Nazary did not attach that deposition excerpt to either her summary judgment response or her surreply.

After the trial court notified the parties it was granting Classic's summary judgment motion, Ms. Nazary filed a motion seeking leave to late-file the evidence referenced in her surreply. The trial court held a hearing on that motion, after which it entered an order: (1) denying Ms. Nazary's motion to late-file evidence; (2) granting Classic's no-evidence summary judgment motion; and (3) denying Classic's traditional summary judgment motion. Ms. Nazary filed a motion for new trial, which the trial court denied. This appeal followed.

We review a summary judgment de novo, taking as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts

in the non-movant's favor. *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017). To defeat a no-evidence motion, the non-movant must produce evidence sufficient to raise a genuine fact issue as to each challenged element. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017); *see* TEX. R. CIV. P. 166a(i). This requires that the non-movant specifically identify the evidence it seeks to have the trial court consider and explain why that evidence demonstrates the existence of a fact issue. *Great Hans, LLC v. Liberty Life Serv. Corp.*, No. 05-20-00113-CV, 2021 WL 5822841, at *2 (Tex. App.—Dallas Dec. 8, 2021, no pet.) (mem. op.). The trial court is not required to search through the record and determine on its own whether a fact issue exists without specific guidance from the non-movant. *Id.*

A genuine fact issue exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). Thus, a fact issue does not exist if the evidence is "so weak as to do no more than create a mere surmise or suspicion" of its existence. *Id.* (quoting *Kia Motors Corp. v. Ruiz*, 432 S.W.3d 865, 875 (Tex. 2014)).

Ms. Nazary first contends the trial court erred by granting Classic's no-evidence motion on her slip-and-fall claim.[1] Relevant to this issue, Classic agrees it

---

[1] Ms. Nazary's brief does not challenge the summary judgment to the extent it dismisses her claim based on a negligent-activity theory.

owed Ms. Nazary an invitee duty to exercise reasonable care to protect her from dangerous conditions on its premises that were known or reasonably discoverable. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). To prove her claim, Ms. Nazary must establish: (1) Classic had actual or constructive knowledge of a dangerous condition on its premises; (2) the dangerous condition posed an unreasonable risk of harm; (3) Classic did not exercise reasonable care to reduce or eliminate the risk; and (4) Classic's failure to use such care proximately caused her injuries. *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000).

Classic's no-evidence motion challenged the knowledge and breach elements. Consequently, Ms. Nazary had the burden of pointing the trial court to specific evidence it wished the court to consider on each of those elements, explaining why that evidence created a genuine fact issue. *See Great Hans, LLC*, 2021 WL 5822841, at *2. We address only the breach element because it is dispositive in this case.

The supreme court has explained that a premises owner or operator must "take whatever action is reasonably prudent under the circumstances to reduce or eliminate the unreasonable risk" posed by a known dangerous condition. *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009). This means the owner or operator must "either adequately warn of the dangerous condition or make the condition reasonably safe." *See id.* at 765.

As in the trial court, Ms. Nazary devotes only a single paragraph of her brief to the breach element—a paragraph without legal authorities, record citations, or

–5–

analysis applying appropriate legal standards. *See* TEX. R. APP. P. 38.1(i); *Graham v. Federated Dep't Stores, Inc.*, No. 05-09-01310-CV, 2011 WL 3435371, at *2 (Tex. App.—Dallas Aug. 8, 2011, no pet.) (mem. op.).

Ms. Nazary's inadequate response to Classic's no-evidence motion is dispositive here. Ms. Nazary had the burden of pointing the trial court to specific summary judgment evidence and explaining why that evidence raised a fact issue as to whether Classic failed to either adequately warn her of the wet floor or make the wet floor reasonably safe. *See Great Hans, LLC*, 2021 WL 5822841, at *2. She did neither. Neither our Court nor the trial court is responsible for independently reviewing the record, searching for evidence or authorities that might support Ms. Nazary's claims, and making her arguments for her. *See Graham*, 2011 WL 3435371, at *2. Instead, she argued Classic failed to cite evidence showing that it exercised reasonable care. That was not Classic's burden.

Because Ms. Nazary failed to point the trial court to more than a scintilla of summary judgment evidence suggesting that Classic failed to exercise reasonable care, we cannot conclude the trial court erred by granting Classic's no-evidence motion for summary judgment on the breach element. Thus, we need not decide whether Ms. Nazary produced sufficient evidence to show Classic had actual or constructive knowledge of a dangerous condition.

Ms. Nazary next contends the trial court erred by denying her leave to late-file summary judgment evidence. We review the trial court's ruling for abuse of

discretion. *See Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 688 (Tex. 2002). A trial court should grant a motion to late-file a summary judgment response if the movant establishes: (1) good cause for failing to timely respond, "showing that the failure to respond was not intentional or the result of conscious indifference, but the result of accident or mistake"; and (2) that "allowing the late response will occasion no undue delay or otherwise injure the party seeking summary judgment." *Id.*

Here, Ms. Nazary provided no affidavit or other evidence explaining why she failed to timely file the evidence referenced in her surreply, and the trial court did not abuse its discretion by rejecting her bare assertion that the failure was unintentional. *See id.* Moreover, Ms. Nazary contends only that the evidence corroborates her testimony that a Classic employee came to her aid after the fall and told her the garage-door rails were "always leaking." She does not explain how that evidence creates a fact issue as to whether Classic breached its duty to exercise reasonable care, even if it had knowledge of any dangerous condition. Thus, because we conclude the trial court did not err by granting Classic's no-evidence motion based on the breach element, any error in denying Ms. Nazary leave to late-file the evidence was harmless. *See* TEX. R. APP. P. 44.1(a).

Having overruled each of Ms. Nazary's issues, we affirm the trial court's judgment.


211058f.p05

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AZITA NAZARY, Appellant

No. 05-21-01058-CV     V.

SOLID CLASSIC, LP D/B/A
CLASSIC BMW AND SOLID
CLASSIC I, INC. D/B/A CLASSIC
BMW, Appellees

On Appeal from the 401st Judicial
District Court, Collin County, Texas
Trial Court Cause No. 401-02809-
2020.
Opinion delivered by Justice Carlyle.
Justices Garcia and Miskel
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee SOLID CLASSIC, LP D/B/A CLASSIC BMW AND SOLID CLASSIC I, INC. D/B/A CLASSIC BMW recover their costs of this appeal from appellant AZITA NAZARY.

Judgment entered this 8th day of June, 2023.