**Opinion issued January 29, 2026**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-24-00615-CV

_____

**STELLA SALMERON AND CARLOS SALMERON, Appellants**

**V.**

**ATASCOCITA FOREST COMMUNITY ASSOCIATION, Appellee**

---

**On Appeal from the 125th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 2024-06882**

---

## MEMORANDUM OPINION

Appellants Stella Salmeron and Carlos Salmeron appeal the trial court's final judgment granting the plea to the jurisdiction filed by Appellee Atascocita Forest Community Association ("Atascocita Forest") and dismissing the case. We affirm.

## Background

In February 2024, the Salmerons filed this lawsuit seeking to stop the foreclosure sale of property they purportedly own ("the Property") that is under Atascocita Forest's governance. After the Salmerons obtained a temporary injunction blocking the foreclosure sale, Atascocita Forest filed an answer and special exceptions to the Salmerons' live petition.

On July 12, 2024, Atascocita Forest filed a plea to the jurisdiction, arguing (1) the trial court lacks subject-matter jurisdiction because the Salmerons are challenging a final judgment issued by another court which previously held Atascocita Forest could foreclose on the Property, and (2) Carlos Salmeron lacks standing to sue Atascocita Forest because he is not a record owner of the Property. The plea contained a certificate of service stating the "foregoing instrument" was served by "facsimile and/or certified mail, return receipt requested, pursuant to the Texas Rule of Civil Procedure 21 this 12th day of July 2024" and also reflecting that service was by "E-Service/E-mail" on both Salmerons. Additionally, the record contains an "Automated Certificate of eService" showing that the plea was e-served on the Salmerons via email on July 12, 2024.

Atascocita Forest also served a notice of submission on the Salmerons on July 12, 2024, which provided that the plea to the jurisdiction was set for submission on July 22, 2024. This notice was served in the same manner as the plea, and the record

contains an "Automated Certificate of eService" showing that the notice was e-served on the Salmerons via email on July 12, 2024.

On July 15, 2024, the trial court granted Atascocita Forest's special exceptions and gave the Salmerons thirty days to replead. The record contains the transcript of a hearing held on July 26, 2024 on the Salmerons' "motion for relief" before a visiting judge, during which Carlos Salmeron vented multiple issues, including that because of Hurricane Beryl, the Salmerons did not have electricity, internet, or gasoline, and that he had been in a car accident and was injured. The special-exceptions order was discussed during the hearing, and the visiting judge gave the Salmerons an additional seven days to amend their petition pursuant to the special-exceptions order. Atascocita Forest's plea to the jurisdiction was not discussed or mentioned during the hearing.

The Salmerons did not file a response to the plea to the jurisdiction, and on July 29, 2024, the trial court granted the plea.

On August 14, 2024, the Salmerons filed a verified motion for new trial, arguing that on July 12, 2024, when Atascocita Forest filed the plea, the Salmerons "were not notified or served in timely **under Texas Rules Civil Procedure 4, 21a and 245**, to reply the motion, timely due to a technical failure or a system outage" caused by Hurricane Beryl. (Emphasis in original.) The Salmerons contend that, following Hurricane Beryl, "for couple days" including on July 12, 2024, they

lacked electricity or "gasoline for mobility" so that they could respond to the plea. The Salmerons also complained that (1) Atascocita Forest did not file a proposed order until around three days before the July 22, 2024 submission date for the plea, (2) the trial court had extended the time to respond at the July 15, 2024 hearing, (3) the dismissal violated their Seventh Amendment right to a jury trial because they requested a jury trial on July 25, 2024 and paid the jury fee five days later, and (4) under section 3a of the Texas Constitution, they are entitled to equality under the law. Finally, the Salmerons asserted that "1. Failure of the movant to appear was not intentional or the result of conscious indifference. 2. There is a meritorious defense. 3. The granting of a new trial will not operate to cause delay or injury to the opposing party," conclusorily asserting the prongs of the *Craddock* test. *See Craddock v. Sunshine Bus Lines Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939).

Atascocita Forest responded to the motion for new trial, arguing that it gave proper notice of the plea and its submission setting to the Salmerons. The motion for new trial was overruled by operation of law. The Salmerons now appeal.

**The Salmerons do not establish entitlement to a new trial**

The record shows Atascocita Forest served the plea to the jurisdiction and notice of submission on the Salmerons via e-service on July 12, 2024.[1] The Salmerons' primary argument on appeal appears to be that, because of Hurricane Beryl, they did not have electricty on July 12, 2024 and thus they did not receive the plea and notice of submission on that day. The Salmerons cite Texas Rule of Civil Procedure 21(f)(6), which provides regarding electronic filing: "If a document is untimely due to a technical failure or a system outage, the filing party may seek appropriate relief from the court. If the missed deadline is one imposed by these rules, the filing party must be given a reasonable extension of time to complete the filing." TEX. R. CIV. P. 21(f)(6).

But the Salmerons did not address in their motion for new trial, nor do they on appeal, *when* their electricty came back on or *when* they first reviewed the plea and notice of submission that had been e-served on them. Accordingly, it is unknown if the Salmerons accessed the plea and notice of submission in time to seek relief before the submission setting under the Texas Rules of Civil Procedure, such as moving for a continuance of the setting due to the hardships Hurricane Beryl had

---

[1] Because the Salmerons were e-served, we reject their argument that they were entitled to three additional days to respond to the service by mail. *See* TEX. R. CIV. P. 21a(c) (extending prescribed response deadlines by three days when service is "by mail").

caused. *See B. Gregg Price, P.C. v. Series 1 - Virage Master LP*, 661 S.W.3d 419, 422 (Tex. 2023) (instructing that "a complaining party who has redress under the rules of civil procedure before a summary-judgment hearing cannot avail itself of the equitable new-trial remedy found in [*Craddock*] and its progeny" (discussing *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 686, 686 (Tex. 2002)); *Clayton Woods Homeowners Ass'n, Inc. v. Garner*, No. 01-20-00688-CV, 2025 WL 2471792, at *3 n.5 (Tex. App.—Houston [1st Dist.] Aug. 28, 2025, no pet.) (mem. op.) ("The *Craddock* elements do not apply . . . to a motion for new trial in a summary judgment context when the nonmovant discovered *before* the summary judgment hearing that it failed to file a response—and it had the opportunity to seek a continuance or obtain permission to file a late response." (emphasis in original)). Because we cannot determine whether the Salmerons had available an adequate remedy before the plea-submission setting whereby they could have moved to continue the setting or for other relief, we cannot sustain their argument that a lack of electricty on July 12, 2024 entitles them to a new trial.

The Salmerons also argue that the trial court denied their right to a jury trial under the United States and Texas constitutions by granting the plea even though they had requested and paid for a jury trial. However, the purpose of dispostive motions is not to deprive parties of the right to a jury trial but to eliminate patently unmeritorious claims, such as those over which the trial court lacks jurisdiction. *See*

6

*Donaldson v. Serv. Lloyds Ins. Co.*, No. 10-08-00340-CV, 2009 WL 3766338, at \*2 (Tex. App.—Waco Nov. 10, 2009, no pet.) (mem. op.) ("Because the trial court lacked jurisdiction over Donaldson's claims, Lloyds' plea to the jurisdiction was properly granted and the trial court did not violate Donaldson's right to a jury trial by dismissing the lawsuit."); *see also City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 n.5 (Tex. 1979) ("The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses."); *Willie v. CenterPoint Energy Res. Corp.*, No. 14-23-00937-CV, 2025 WL 380519, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 4, 2025, no pet.) (mem. op.) ("In civil cases, a party has a right to a jury trial to determine questions of fact. There is, however, no mandatory and absolute right to a jury trial, even when one has been requested." (citation omitted)).  We reject the Salmerons' argument that the trial court could not grant the plea to the jurisdiction because they requested and paid for a jury trial.[2]

Finally, the Salmerons argue that, at the hearing on their motion for relief, they were granted seven additional days to file their response to the plea to the jurisdiction.  However, the visiting judge did not give them additional time to

---

[2]  We note that the Salmerons do not make any argument regarding the merits of Atascocita Forest's plea to the jurisdiction, such as why the trial court has jurisdiction over their claims.

respond to the plea, but gave them additional time to replead in light of the special-exceptions order, unrelated to the plea. This argument also fails.

We overrule the Salmerons' appellate issues.

## Conclusion

We affirm the trial court's judgment.[3]


Andrew Johnson
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

---

[3]     All pending motions are dismissed as moot.