**Opinion issued October 22, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00902-CV

————————————

**MONICA VASQUEZ PARSONS, Appellant**

**V.**

**PAUL  G.  PARSONS, Appellee**

---

**On Appeal from the 310th District Court**
**Harris County, Texas**
**Trial Court Case No. 2017-77987**

---

## MEMORANDUM OPINION

Monica Vasquez Parsons filed her petition for divorce from Paul G. Parsons.

Paul answered. Monica and her attorney failed to appear at trial, and the trial court

entered a post-answer default judgment against Monica. She filed a motion for new

trial with accompanying evidence. The trial court denied the motion, and Monica appealed.

In her sole issue, Monica contends that the trial court abused its discretion in denying her motion for new trial because she presented evidence that her failure to appear was not intentional or due to conscious indifference. We affirm.

**Background**

Monica married Paul in 2006. They did not have children. After 11 years of marriage, Monica filed a petition for divorce. Among the grounds for divorce, Monica claimed that the marriage had become "insupportable because of discord or conflict of personalities." Monica asserted that the court should award her a disproportionate share of the marital estate for several reasons, including "fault in the breakup of the marriage," "disparity of earning power of the spouses," "wasting of community assets," and "the size and nature of the separate estates of the spouses."

Paul answered and filed a counter-petition for divorce. He requested a just and right division of the marital estate if the parties did not execute an agreement for the division of their estate. Paul also requested confirmation that certain property was his separate property and reimbursement from the community estate.

The trial court amended its initial scheduling order to allow the parties time to attend mediation. When the parties appeared at the new trial setting, the trial

2

court rescheduled trial because the mediator had not recessed mediation. Both parties received notice of a third trial setting. The parties scheduled a date to resume mediation, but Monica and her attorney did not appear at mediation. The mediator filed an impasse letter.

On the day of the third trial setting, Paul and his attorney appeared and requested a default judgment when Monica and her attorney did not appear. Paul testified about why the parties were dissolving their marriage. Paul's attorney informed the trial court that Monica's attorney had not responded to his discovery requests. The trial court admitted the exhibits introduced by Paul's attorney. Paul's attorney also testified to his attorney's fees. After considering the evidence, the trial court entered a post-answer default judgment against Monica, granted the divorce, and awarded Paul $15,612.61 for attorney's fees. The trial court's order divided the marital estate and stated that the division was just and right.

Monica moved for a new trial, arguing that her non-appearance was due to a mistake or accident because her attorney had a "conflict with another case," she tried to "finalize arrangements for the substitute attorney to cover the trial setting," yet the substitute attorney failed to appear. Monica explained that she did not appear because she thought the trial had been reset. Monica's motion was supported by her attorney's affidavit. Paul did not respond to the motion.

The trial court held a hearing on the motion for new trial. Monica's attorney explained that the substitute attorney who she had arranged to appear on her behalf had broken her ankle. Although the substitute attorney texted her about the injury, Monica's attorney did not receive the message in time. The substitute attorney did not appear at the new-trial hearing to testify. Based on the arguments of counsel and evidence, and after noting that Monica's motion for new trial said nothing about a medical emergency, the trial court denied Monica's motion for new trial. Monica appeals.

## Denial of Motion for New Trial

Monica argues that the trial court abused its discretion in denying her motion for new trial because she presented evidence that her failure to appear was not intentional or due to conscious indifference and because she meets the new-trial test set forth in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

### A.    Applicable law and standard of review

A post-answer default judgment is permissible when an answer is filed in a case but a party fails to appear for trial. *See  Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979). A post-answer default judgment is valid only if the defaulting party received adequate notice of the trial setting or default-judgment hearing. *In re $475,001.16*, 96 S.W.3d 625, 627 (Tex. App.—Houston [1st Dist.] 2002, no pet.)

4

(explaining notice is a requirement before entry of a post-answer default judgment); TEX. R. CIV. P. 245 (providing that, "when a case previously has been set for trial, the Court may reset said contested case to a later date on any reasonable notice to the parties or by agreement of the parties"). If a party receives post-answer notice of a trial setting and fails to appear, and the trial court grants a post-answer default judgment, the party may move for a new trial, which should be granted if she establishes all three of the *Craddock* prongs: (1) her non-appearance resulted from an accident or mistake and not intentional or the result of conscious indifference; (2) the motion for new trial alleges a meritorious defense; and (3) granting the motion will not cause undue delay or otherwise injure the non-movant. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (discussing *Craddock* test); *Lynch v. Lynch*, 540 S.W.3d 107, 121 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (same).

"A motion for new trial is addressed to the trial court's discretion and the court's ruling will not be disturbed on appeal in the absence of a showing of an abuse of discretion." *Cliff v. Huggins*, 724 S.W.2d 778 (Tex. 1987). However, a trial court abuses its discretion by denying a new trial when all three *Craddock* elements are met. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex. 1994).

**B.** **Contrary to Paul's contention, Monica did not waive analysis under *Craddock***

The Texas Supreme Court has stated that its purpose "in adopting the *Craddock* standard was to alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002) (citing *Craddock*, 133 S.W.2d at 126). The *Craddock* test does not apply when the rules of civil procedure provide a defaulting party with a remedy. *Id*. Relying on *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002), Paul asserts that Monica is not entitled to any relief under the *Craddock* test because Rule 251 of the Texas Rules of Civil Procedure allows a party to move for continuance of a trial setting. TEX. R. CIV. P. 251 (governing continuances); *see Carpenter*, 98 S.W.3d at 685.

In *Carpenter*, Cimarron received notice of Carpenter's summary-judgment motion and scheduled a hearing on the motion but failed to timely respond. *Id*. at 684. On the day of the hearing, Cimarron filed a motion for leave to file an untimely response, its proposed response, and a motion for continuance. *Id*. at 685. The trial court denied both motions and granted summary judgment in favor of Carpenter. *Id*. Cimarron filed a motion for new trial, requesting that the court set aside the judgment based on equitable principles established in *Craddock*. *Id*. at 685. The Court held that *Craddock* does not apply when procedural rules provide

6

the defaulting party a remedy. The Court held that *Craddock* does not apply "to a motion for new trial filed after summary judgment is granted on a motion to which the nonmovant failed to timely respond when the respondent had notice of the hearing and an opportunity to employ the means our civil procedure rules make available to alter the deadlines Rule 166a imposes." *Id*. at 683–84.

*Carpenter* is distinguishable from this case because the procedural rules were unavailable to Monica before default occurred. In *Carpenter*, the defaulting party knew of its failure to respond before summary judgment was entered and "at a point in time when the rules of procedure provided other remedies" *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922, 927 (Tex. 2009) (distinguishing *Carpenter*). The party moved for relief under those rules before default, but the trial court denied the party's motions. Under those circumstances, *Craddock* was unavailable. Here, Monica's attorney alleged that she knew she had conflicting settings and arranged for substitute counsel to appear for her before trial. Paul would require Monica to have moved for a continuance before Monica would have had any reason to believe she needed to avail herself of any remedies under the rules of civil procedure to avoid a default because substitute counsel was supposed to appear on her behalf. *C.f. Smith v. Babcock & Wilcox Const. Co., Inc.*, 913 S.W.2d 467 (Tex. 1995) (concluding the trial court abused its discretion by dismissing case because attorney who had conflicting case settings failed to appear

for trial after the court denied his motion for continuance). We reject Paul's assertion that Monica is foreclosed from any relief under *Craddock* for having failed to move for a continuance before her trial setting, while under a belief that an attorney was to appear in her attorney's place. We now address the *Craddock* standard.

## C.    Trial court did not abuse its discretion

Because it is dispositive, we address only the first prong of the *Craddock* test, which required Monica to establish that her failure to appear for trial was not intentional or the result of conscious indifference. 133 S.W.2d at 126. The first *Craddock* element is satisfied when the defaulting party's "factual assertions, if true, negate intentional or consciously indifferent conduct . . . and the factual assertions are not controverted." *Roman v. Ramirez*, 573 S.W.3d 341, 352 (Tex. App.—El Paso 2019, pet. denied) (citing *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012)).

Along with her motion for new trial, Monica presented email communications to show attempts to schedule mediation because, in her view, "mediation was not completed" and she did not receive notice of the mediation date. The mediation status suggested to Monica's attorney that trial would not move forward. Monica's attorney also explained her non-appearance at trial:

> Specifically, undersigned attorney had a conflict with another case. Undersigned attorney thought another attorney was covering the

hearing, however due to a technological defect the substitute attorney never received confirmation from undersigned attorney to finalize arrangements for the substitute attorney to cover the trial setting.

Monica attached an affidavit from her attorney attesting to the truth, accuracy, and personal knowledge of the facts in the motion.

Paul presented evidence as well. First, Paul submitted a letter from the mediator showing the parties confirmed a date for the rescheduled mediation, and he explained that neither Monica nor her counsel appeared despite receiving notice. Second, Paul informed the court that Monica failed to answer discovery despite several requests.

The trial court, as factfinder, is the sole judge of each witness's credibility and the weight to be given to their testimony. *Dougherty-Williams v. Dougherty*, No. 01-13-01087-CV, 2014 WL 2809827, at *6 (Tex. App.—Houston [1st Dist.] June 19, 2014, no pet.) (mem. op.). And "when we review a ruling that results from the trial court's having resolved underlying facts, we must defer to the trial court's factual resolutions, and any credibility determinations that may have affected those resolutions, and may not substitute our judgment for the trial court's judgment in those matters." *George v. Jeppeson*, 238 S.W.3d 463, 468 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

We must defer to the trial court's credibility determinations to determine whether non-appearance was intentional or due to conscious indifference. *Estate of*

*Rivers*, No. 01-17-00879-CV, 2018 WL 4354351, at *4 (Tex. App.—Houston [1st Dist.] Sept. 13, 2018, no pet.) (mem. op.). It was within the trial court's discretion to disbelieve Monica's attorney's explanation of her failure to appear. While her motion described a "technological defect" that prevented her from receiving actual notice of the substitute attorney's non-appearance, it did not describe the technological defect or identify the substitute attorney. Moreover, that explanation was inconsistent with her explanation at the new-trial hearing about a leg injury. At the hearing on the motion for new trial, Monica's attorney explained that her associate, D. Baum, sent a text message notify Monica's attorney about her broken ankle, but Monica's attorney did not receive it. The explanation at the hearing did not align with the explanation in the written new-trial motion. The court noted the discrepancy at the hearing.

It was also within the trial court's discretion to disbelieve that Monica's non-appearance was due to a misunderstanding about the status of mediation. At the hearing on the motion, Monica's attorney stated that Monica did not appear because an associate would appear to reset the case. Yet, no one appeared, and it was within the trial court's discretion to disbelieve the explanation for the non-appearance.

The trial court observed the inconsistencies in Monica's explanation, made credibility determinations, and weighed the evidence before denying Monica's

10

motion for new trial. On this evidence and in deference to the trial court's credibility determinations, we conclude that the trial court reasonably could have found that the failure to appear at the trial setting was intentional or consciously indifferent conduct. *See George*, 238 S.W.3d at 468; *Rivers*, 2018 WL 4354351, at *4. Thus, we further conclude that the trial court did not abuse its discretion in denying Monica's motion for new trial. We overrule Monica's sole issue.

## Conclusion

We affirm the judgment of the trial court.


Sarah Beth Landau
Justice

Panel consists of Justices Lloyd, Goodman, and Landau.