# Supreme Court of Texas

No. 21-1104

B. Gregg Price, P.C. and B. Gregg Price,
*Petitioners*,

v.

Series 1 – Virage Master LP,
*Respondent*

On Petition for Review from the
Court of Appeals for the First District of Texas

**PER CURIAM**

This appeal arises from a suit on a note and guaranty after a borrower allegedly defaulted on the loan. The lender moved for summary judgment and set the motion for an oral hearing. Public health announcements from the local trial courts, however, canceled most oral hearings, including this one. The trial court then unilaterally moved the canceled hearing to its submission docket and went forward, without further notice, on the date of the originally scheduled oral hearing. The borrower discovered as much one day before in a phone call with the court clerk. The borrower immediately responded to the

summary-judgment motion, but the trial court struck the response as untimely and granted summary judgment to the lender.

The borrower moved for a new trial, arguing that he had not received an amended notice of the hearing date after the original hearing was canceled. The trial court denied the motion. The borrower appealed, and the court of appeals affirmed.

We hold that the borrower is entitled to a new trial because he did not receive adequate notice of the rescheduled hearing as due process requires. Accordingly, we reverse the judgment of the court of appeals.

**I**

In 2015, B. Gregg Price's law firm borrowed $3,250,647.05 from Series 1 – Virage Master LP and executed a promissory note to repay the loan. According to Virage, Price personally guaranteed the note. After the firm failed to remit payments or provide status updates as the terms of the note required, Virage sued Price and his firm in Harris County.

In February 2020, Virage served Price with notice of an oral hearing on its motion for summary judgment, which Virage had yet to file. The date for the oral hearing in the notice was April 2, 2020. Virage later filed the motion and served Price with it on March 12, 2020.

In March 2020, courts across Texas responded to the emerging COVID-19 pandemic with modified court proceedings. Relevant here are two announcements. First, on March 12, the Harris County Board of District Judges canceled all nonessential court matters on days that public schools were closed. The board informed the public that "[c]ourts

2

that decide to proceed with scheduled court matters must contact all parties and inform them that the scheduled proceedings will continue."

Second, on March 16, the Harris County Civil Division released "Alternate Scheduling Procedures" that canceled "[a]ll previously set, non-essential in-person, oral" hearings. Essential court matters could include temporary restraining orders, temporary injunctions, and similar proceedings. The announcement did not list summary-judgment hearings as essential court matters.

Alan Gerger, Price's attorney, read these announcements and concluded that the April 2 oral hearing on Virage's motion for summary judgment was canceled. The parties did not communicate further about the upcoming hearing.

The trial court's website reflected some hearings scheduled for April 2. Price's case did not appear on the court's docket. Gerger contacted the court on April 1, one day before the original hearing date, to confirm the cancellation. The court clerk indicated that the court planned to hear Virage's motion on its submission docket. According to Gerger, the clerk did not tell him that the motion would be submitted the next day.

Although Gerger believed he had no impending deadline, he nevertheless filed a response to Virage's summary-judgment motion that day. Virage immediately moved to strike the response as untimely.

On April 2—the date of the initially scheduled hearing—the trial court granted Virage's motion for summary judgment and struck Price's response to it. Price moved for a new trial, which the trial court denied.

3

The court of appeals affirmed. ___ S.W.3d ___, 2021 WL 3204753 (Tex. App.—Houston [1st Dist.] July 29, 2021). In considering the summary judgment, the court confined itself to the evidence available to the trial court at the time of its ruling. *Id.* at *6, *11. Because the trial court had struck Price's response to the motion for summary judgment as untimely, the court of appeals did not consider it, nor Price's attached affidavit denying that he had signed or personally guaranteed the note. *Id.* As to Price's claim that he had not received notice of the rescheduled hearing, the court of appeals concluded that the original notice of the hearing set for April 2 was sufficient. *Id.* at *14. It held that Price should have filed an objection to the hearing going forward by submission to preserve his complaint that he did not receive adequate notice. *Id.* at *13, *15.

Finally, the court of appeals held that the trial court did not abuse its discretion in denying Price's motion for new trial because Price failed to move to continue the April 2 hearing before it took place and did not request leave to file a late response. *Id.* at *17. Relying on *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682 (Tex. 2002), the court of appeals declined to determine the effect of the COVID-19 closure orders because, in its view, Price had an opportunity to present this argument before the trial court granted summary judgment. 2021 WL 3204753, at *17. The Court in *Carpenter* held that a complaining party who has redress under the rules of civil procedure before a summary-judgment hearing cannot avail itself of the equitable new-trial remedy found in *Craddock v. Sunshine Bus Lines Inc.*, 133 S.W.2d 124 (Tex. [Comm'n

4

Op.] 1939), and its progeny. 98 S.W.3d at 686. Price petitioned this Court for review.

## II

Notice is "[a]n elementary and fundamental requirement of due process." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). The United States Constitution's Due Process Clause and the Texas Constitution's Due Course of Law Clause require adequate procedural due process for parties to a judgment, including notice of trial court proceedings. *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 188-89 (Tex. 2022). Such notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane,* 339 U.S. at 314. That opportunity "must be granted at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965). When parties are not afforded a meaningful opportunity to be heard, "the remedy for a denial of due process is due process." *Univ. of Tex. Med. Sch. at Hous. v. Than*, 901 S.W.2d 926, 933 (Tex. 1995).

Our rules of civil procedure prescribe guidelines to ensure the parties receive notice and a meaningful opportunity to be heard. A motion for summary judgment must be served on the opposing party at least twenty-one days before the time specified for a hearing. TEX. R. CIV. P. 166a(c). Notice of a summary-judgment hearing must inform the nonmovant of the exact date of hearing or submission. *Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 359 (Tex. 1998). A trial court

5

that grants summary judgment without notice of the hearing to the nonmovant errs in granting it. *Id.*

A new hearing requires a new notice. In this case, COVID-19 closures canceled the originally scheduled oral hearing, thus nullifying Virage's initial notice of hearing. Virage had a renewed obligation to provide notice of any rescheduled hearing, which it failed to do. The Harris County Board of District Judges' March 12 announcement also placed a burden on the court to notify the parties of a rescheduled hearing date, which it failed to do. Nothing in the record evidences a rescheduled hearing date and time, by submission or otherwise.

Parties are entitled to rely on a court's published announcement canceling upcoming proceedings. They are further entitled to rely on an announcement that the courts would notify the parties of a later hearing date. Given the public announcement that all oral hearings were canceled, we hold that Price did not have adequate notice of a rescheduled hearing by submission.

We cannot agree with Virage's argument that its April 1 motion to strike sufficiently notified Price that a summary-judgment hearing would go forward by submission on April 2 despite the cancellation notices. The motion to strike says no such thing, and such an interpretation conflicts with published court announcements to the contrary. Absent further written amended notice of a hearing date from either Virage or the trial court, Price was entitled to rely on the courts' published statements that in-person court proceedings were canceled.

All interested parties must receive notice and a meaningful opportunity to respond when a court reschedules a previously canceled

6

hearing.  Price did not receive the adequate notice that due process requires.  The trial court therefore erred in granting summary judgment.

### III

The trial court further erred in refusing to grant a new trial upon Price's request.  We review a trial court's denial of a motion for new trial for abuse of discretion.  *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006).  The rule of *Craddock v. Sunshine Bus Lines* entitles a defaulting party to a new trial when: "(1) the failure to appear was not intentional or the result of conscious indifference, but was the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no delay or otherwise injure the plaintiff."  *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex. 2009) (citing *Craddock*, 133 S.W.2d at 126).  The *Craddock* rule applies to post-answer default judgments, *Dolgencorp*, 288 S.W.3d at 926, and to summary judgments, *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005).  If a defaulting party moves for a new trial and satisfies *Craddock*, then the trial court abuses its discretion in failing to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926.

Price argues that he and his law firm satisfied *Craddock*.  The failure to present his defense for the hearing on submission was not intentional or due to conscious indifference.  Price's burden on this element is satisfied when "the factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *In re R.R.*, 209 S.W.3d at 115.  Price's attorney relied on the trial courts'

announcements when he concluded that the hearing was canceled. He did not receive an amended notice from the court or from Virage that the hearing had been reset.

When the nonmovant does not receive notice, "we have dispensed with the second element [of *Craddock*] for constitutional reasons." *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005). When the defaulting party fails to appear due to a lack of proper notice, the subsequent judgment is constitutionally infirm. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988). In that situation, the meritorious defense element of *Craddock* is not required. *Mathis*, 166 S.W.3d at 744.

Price was not required to present a meritorious defense at the motion-for-new-trial stage because he did not receive notice of the hearing. We therefore do not assess the merits of his defenses to Virage's claims.

As to the third *Craddock* element, Price asserts that any delay would have been caused by the ongoing pandemic disruptions, not by granting a new trial. Further, the initial trial date permitted a discovery period through December 31, 2020, providing ample time for a rescheduled summary-judgment hearing. At that early stage of litigation, a new trial would not have caused undue delay or injury to Virage, and Virage did not otherwise adduce evidence of injury from a delayed hearing.

Virage responds that *Carpenter* applies here, and the court of appeals agreed. In *Carpenter*, an energy company received timely notice of a summary-judgment hearing, but the attorney neglected to calendar the date. 98 S.W.3d at 684. The company realized the mistake two days

8

before the hearing and moved for leave to file an untimely response and for a continuance. *Id.* at 684-85. The trial court denied the company's motions and granted the contractor's motion for summary judgment. *Id.* at 685. Our Court declined to apply *Craddock* in those circumstances because the nonmovant had an opportunity to seek other remedies under the rules of civil procedure before the court granted summary judgment. *Id.* at 686.

Virage argues that Price, like the company in *Carpenter*, had the opportunity to move for a continuance or for leave to file a late response. Virage's April 1 motion to strike gave Price notice that the April 2 hearing date would go forward by submission, it argues, and thus Price had the opportunity, if only for a few hours, to move for a continuance or for leave to file a late response to the motion for summary judgment.

The hearing, however, was canceled. The trial court could not go forward absent an amended notice of hearing. Neither the trial court nor Virage gave such notice.

In such circumstances, *Carpenter* does not apply. Price had no duty to object or to seek a continuance of a canceled summary-judgment hearing. *Craddock*, not *Carpenter*, provides the applicable rule. *Craddock*'s purpose is to "alleviate unduly harsh and unjust results at a point in time when the defaulting party has no other remedy available." *Carpenter*, 98 S.W.3d at 686. Unlike the facts presented in this case, the defaulting party in *Carpenter* undisputedly had proper notice of the hearing. We refuse to impose a duty to seek a continuance of a canceled hearing on a party who relied upon the trial courts' announcements to his detriment.

9

We hold that the trial court abused its discretion by denying the motion for new trial.

\*     \*     \*

Price and his law firm were denied due process when the trial court proceeded with a canceled hearing without renewed notice to the parties. The trial court thus erred in striking the summary-judgment response as untimely, in granting summary judgment, and in denying the motion for new trial. Accordingly, and without hearing oral argument, *see* TEX. R. APP. P. 59.1, we grant Price's petition for review, reverse the court of appeals' judgment, and remand to the trial court for proceedings consistent with this opinion.

**OPINION DELIVERED:** February 17, 2023